108  691
o114 587

CASE 93—ACTION TO ENFORCE LIEN FOR TAXES—JUNE 13.

# City of Louisville v. Woolley & Others.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.   REVERSED.

REVIVOR OF ACTION TO ENFORCE TAX LIEN—TIME IN WHICH ORDER
MAY BE MADE.

Held:    1. Civil Code Practice, sec. 506, providing that "upon the
death of a defendant in an action for the recovery of real prop-
erty only, or which concerns only his rights or claims to such
property, the action may be revived against his real repre-
sentatives or any of them, and an order therefor may be forth-

with made," does not apply to an action to enforce a lien on land for taxes, but such an action is governed by Id., sec. 507, which provides that "an order to revive an action against the personal representative of a defendant, or against him and the real representatives of the defendant, can not be made, unless by consent, within six months after the qualification of the personal representative;" and the action may, under Id., sec. 508, be revived against the administrator and heirs at any time within one year after the order might have been first made, the administrator being a proper party, and the heirs necessary parties.

2. Upon the death of the wife in an action against her and the husband to enforce a lien on her land for taxes, no revivor against the husband was necessary in order to subject his life estate as tenant by the curtesy, and the court erred in refusing to permit plaintiff to file a supplementary petition seeking to subject such life estate.

JUDGES GUFFY AND DuRELLE, DISSENTING.

H. L. STONE, CITY ATTORNEY, FOR APPELLANT.

1. The right to revive the action. The only necessary facts to authorize a revivor of an action under section 501, Civil Code, as amended by the act of 1894, is a statement of the death of the deceased defendant, the qualification of the personal representative, if there is one, and the names of the heirs at law, where the revivor is sought against both the personal and real representatives. Civil Code, sec. 501; Buford's Adm'r. v. Guthrie, 14 Bush, 677 and 683; Civil Code, 507 and 508; Burnett's City Code, sec. 17, page 778; Muldoon v. Crawford, 14 Bush, 125; Howle v. Anderson, 19 Ky. Law Rep., 1748; Thrasher v. Lewis' Admr., 13 Ky. Law Rep., 926; Sales v. Cosgrove, 15 Ky. Law Rep., 791; Forst v. Davis, 41 S. W. Rep., 27; s. c., 19 Ky. Law Rep., 561; Burnett's City Code, 782 (sec. 22, act of May 12, 1884); Meyer v. City of Covington, 45 S. W., 769; Gosnell v. City of Louisville, 46 S. W. Rep., 722; Greer v. City of Covington, 83 Ky., 410; Cooley's Con. Lim., page 645; Cooley on Taxation, 675; Taylor v. Palmer, 31 Cal., 240; Gresham v. Gresham, 3 Ky. Law Rep., 690; City of Louisville v. Hexagon Tile Walk Co., 45 S. W. R., 667.

2. Right to make Mrs. Woolley's heirs parties defendant, independent of question of revivor. Greer v. Powell, 1 Bush, 489; New Code, sec. 25; Gardners' Admr. v. Roberts, 4 Ky. Law Rep., 614.

3. Appellant's right to subject to its lien the life estate of the appellee R. W. Woolley. Mitchell v. Violett, 47 S. W. Rep., 195;

Gen. Stat., sec. 1, art 4, chap. 52; Burnett's City Code, p. 783,. secs. 17, 24 and 25.

HENRY M. LANE, ATTORNEY FOR APPELLEE.

1. To revive an action against a real representative, by order or petition, where there was no personal debt against the ancestor,. the order must be obtained or the petition must be filed within. one year from the death of the ancestor when the action abated.

2. If the proceeding be by petition to revive, it will be refused, unless it state "facts necessary to authorize a revivor." The petition now authorized by the Code, section 501, is a mere substitute for the bill of revivor under the old system and must contain the "necessary facts" which were required in the old bill of re- vivor. Civil Code, 510, 500, 508, 569, 506, 714; Apperson v.. Fulkerson, 7 Ky. Law Rep., 452; Ellis v. Johnson, 4 Ky. Law Rep., 992; Broaddus v. Broaddus, 10 Bush, 299; Thompson v.. Williams, 86 Ky., 15 and 20; Lane Co. v. Oregon, 7 Wallace,. page 79; Blackstone's Com., 475; Pierce v. City of .Boston, 3 Met., 520; Shaw v. Pickett, 26 Vermont, 486; City of Camden v. Allen, 2d Dutcher, 398; City of Louisville v. Louisville Gas Co., 15 Ky. Law Rep., 177; City of Louisville v. Cochran, 5. Ky. Law Rep., 883; 82 Ky., page 15; Dumesnil v. City of Louis- ville, 4 Ky. Law Rep., 14; Slaughter v. City of. Louisville, 12 Ky. Law Rep., 61; also 89 Ky., page 112; Ormsby v. City of Louisville, 2 Ky. Law Rep., 66; and 79 Ky., 197; Newport & Cin. Bridge Co. v. Douglas, 12 Bush, 716; Story's Equity Plead- ing, sec. 354; 3d Blackstone's Com., 168; Woolley v. Holt, 789,. 791; Buford's Admr. v. Guthrie, 14 Bush, 684; Ky. Stat., sec. 2998; Greer v. Powell, 1 Bush, 496; Taylor v. Palmer, 31 Cal., 240,. 254; Neenan v. Smith, 50 Mo., 525; 60 Mo., 292; Louisville v. Hexagon Tile Walk Co.; Forst v. Davis, 19 Ky. Law Rep., 561; Wood's Ex'r. v. Wood's Heirs, 19 Ky. Law Rep., 210; Ky. Stat.,. sec. 2998; Emory v. City of San Francisco, 28 Cal., 349; People v. Mayor of Brooklyn, 4 Com., 420; Barker v. Southern Con- struction Co., decided by Judge Guffy, October 29, 1898.

PETITION FOR REHEARING BY P. B. MUIR FOR APPELLEE.

1. Administrators are not heirs and have no estate in the lands of the dead owner. Bullitt's Code, 506; Belcher v. Schamburg, 18 Mo., 189; City of Louisville v. Hexagon Walk Co., 20 Ky. Law Rep., 236.

2. A petition to revive an action must "state facts necessary to au- thorize a revivor with a prayer therefor." Bullitt's Code, sec.. 501.

3. All pleadings by a municipal corporation must be verified by oath.
Bullitt's Code, secs. 115, 117.

4. Where the owner of real estate dies pending a suit against him,
the suit must be revived against his heirs and not against his
personal representatives.   Brewington v. Stephens, 33 Mo., 38;
Gillette v. Morrison, 7 Nebraska, 263; Bowles v. Winchester,
13 Bush, 9 Civil Code Ky., secs. 501, 506, 507, 503 and 561;
Bolinger v. Rogers, 19 Ky. Law Rep., 1751; Thrasher v. Lewis,
13 Ky. Law Rep., 926; Forst v. Davis, 19 Ky. Law Rep., 561;
Greer v. Powell, 1 Bush, 489; Gardner v. Roberts, 4 Ky. Law
Rep., 614; Moseley v. Garrett, 1 J. J. Marshall, 212; Story on
Pleading, secs. 374, 289; Lane Co. v. Oregon, 7 Wallace, 179.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

These actions were brought by the city of Louisville
against R. W. Woolley and his wife, Mary E. Woolley, on
the 8th day of August, 1894, to collect certain taxes due
the city, which had been assessed against the real property
of the wife.   The defendants filed their demurrer to the
petition on the 12th day of September thereafter, and
subsequently, on the 14th day of April, 1896, filed their
joint answer, without any action by the court upon the de-
murrer.   A part of the property sought to be subjected to
the payment of these taxes was held in the name of Mary
E. Woolley, and a part was held in the name of R. W.
Woolley as trustee for Mary E. Woolley.   During the pen-
dency of these actions Mary E. Woolley died intestate on
the 2d day of February, 1897, and R. W. Woolley qualified
as her administrator on the 24th day of February, 1897.
On the 12th day of March, 1898, the plaintiff tendered and
moved to file an amended petition asking that the actions
be revived against R. W. Woolley, administrator of the
estate of Mary E. Woolley, Sophia J. Woolley, Mary J.
Fenley, and Oscar Fenley, her husband, as the only heirs
at law of Mary E. Woolley.   This motion was resisted by
the proposed defendants upon the ground that the amend-

ments came too late, having been tendered more than one year after the death of Mrs. Woolley. Their objection was sustained by the trial court, the motion to file the amended petitions overruled, and the petitions dismissed without prejudice, to which plaintiff excepted; and subsequently, on the 30th day of June, 1898, plaintiff presented a second amended petition, and a demurrer and reply to the answer, and moved the court to set aside the order dismissing the case without prejudice, and permit it to file same. In this second amended petition it was averred that the defendant R. W. Woolley at the date of the assessment and levy of the taxes upon the property described in the petition was, as husband of Mary E. Woolley, the owned of an inchoate right of curtesy in all of the real estate sought to be subjected to the payment of the taxes sued for, and that at the death of his wife he came into possession of all of the said real estate as tenant by the curtesy, entitled to receive the rent, income, and profits therefrom; and it was further alleged that, by reason of the assessment and levy of the taxes sued for, plaintiff had acquired a lien upon the whole of the real estate, including the interest of R. W. Woolley, and plaintiff prayed for a judgment enforcing its lien upon the life estate of R. W. Woolley in each and all of the parcels of real estate described in the original petition. The motion to file this second amended petition was also overruled, as was the motion to file the demurrer and reply to defendants' answer, and on motion of appellees the action was dismissed, from which judgment this appeal is prosecuted.

The chief, and, indeed, we may say, the only, question for decision upon this appeal is whether plaintiff's petitions for a revivor were tendered in time. It is contended for appellees that this proceeding is an action which con-

cerns only the right or claim to real property, and the
question of revivor is regulated by section 506 of the Civil
Code. This contention is made upon the theory that the
claim asserted is not a debt, or in the nature of a debt,
as it is not founded upon a contract, express or implied,
but that it is a tax levied by the city for its support, and
operates *in invitum*, and that, consequently, the adminis-
trator of decedent was neither a necessary nor proper
party to the determination of the question involved, be-
cause he had no interest in the land, and was not liable
for the debt; that the only persons interested in the pro-
ceedings were the heirs at law of Mary Woolley, deceased,
and that the suit could only have been revived against
them within one year after the time when the motion could
have been first made; while it is the contention of appel-
lant that the personal representative of the decedent was
a proper and necessary party to the proceeding, and that
it could not have been revived, except by consent, within
six months after his qualification. Section 501 of the
Civil Code provides that an action may be revived on mo-
tion of either party to the action, or that his representa-
tive or successor may file in the action a petition against
the other parties stating facts necessary to authorize a
revivor with a prayer therefor. Sections 507 and 509 of
the Code provide, in effect, that an action can not be re-
vived against a personal representative of a defendant, or
against him and the real representatives of the defendant,
except by consent, within six months after the qualifica-
tion of the personal representative, or after the expira-
tion of one year from the date of such qualification.
While section 506 provides that: "Upon the death of
defendant to an action for the recovery of real property
only, or which concerns only his rights or claims to such

property, the action may be revived against the real representatives or any of them, and an order therefor may be forthwith made in the manner directed in the preceding sections of this title." A question very similar to the one at bar was considered by this court in the case of Buford's Adm'r v. Guthrie, 14 Bush, 683, and it was there held that an action to enforce a vendor's lien for unpaid purchase money could not be revived against the real representatives of the deceased, even though the personal representative consented to such revivor, within six months from the grant of administration without their consent; that the question was regulated by the provisions of sections 507 and 509 of the Civil Code, and not by section 506. And in the case of Forst v. Davis, 41 S. W. 27, which was a proceeding to enforce a mortgage lien, it was held that the order of revivor against the executrix could not be made until six months after her qualification, without her consent, and that section 506 did not apply. It is true that both of these proceedings were actions to enforce liens secured by contract, and the lien in each case was given as security for the payment of a debt for which a personal judgment was sought against the mortgagor and vendee, but the right to enforce a contract lien given as security for the payment of a debt is wholly independent of the right to a personal judgment. The real estate of a married woman may be subjected to liens properly secured, notwithstanding the fact that no personal judgment can be rendered against her by reason of her coverture; so, under the old law, her real and personal estate could have been subjected to the payment of necessaries furnished herself and family, notwithstanding the fact that no personal judgment could have been rendered against her for the debt. And it can not be contend-

ed that actions of that character could be revived forthwith, under the provisions of section 506 of the Code, against her heirs at law, or that they could not have been revived at any time within 12 months after the qualification of her personal representative. Such a construction would lead to holding that in an action to enforce a contract lien on the real property of a defendant who is *sui juris* it could not be revived until six months after the grant of administration, while in such actions, where the defendant and owner of the property sought to be subjected was a person under a disability, the revivor could be made forthwith, and must be made within one year from the death of such defendant. While the lien sought to be enforced in this action is not a contract lien, or one for which a personal judgment could have been rendered against Mrs. Woolley, it is none the less a lien upon the property sought to be subjected to secure the payment of the tax bills sued on, and which are placed by the statute of May 12, 1884, so far as their collection is concerned, upon precisely the same footing as debts due the city arising by contract; and the personal property or choses in action which belonged to her at her death, and passed to her administrator, are, by the statute, made subject to the satisfaction thereof. The administrator has the right to test the validity of the tax bills sued on as a claim against his intestate's property, or to pay them out of the personal assets in his hands, if sufficient to do so, and thus prevent a sale of the realty, and this court has repeatedly held that he would be entitled to credit for such payments in his settlement as administrator. It is a well-established policy in our revenue system that the personal property of a taxpayer should be first exhausted before resorting to a sale of his real estate, and it has

been held by this court that it was the duty of the personal representative to pay the taxes upon the real estate of a decedent out of the proceeds of personalty in his hands. See Howle v. Anderson, 44 S. W. 437; Thrasher v. Lewis, 13 Kentucky Law Reports 926. And in the case of Sales v. Cosgrove (Ky.) 25 S. W. 594, it was held that where an heir paid the taxes to the city of Louisville on the real estate of a deceased married woman such heir was entitled to recover same from the administrator out of the proceeds of the real estate; and in the very recent case of Nesbit v. Wood (decided at the present term) 56 S. W. 714, it was held that where the widow of a deceased person paid the taxes assessed against land in order to discharge a levy made by the sheriff upon personal property which had been set apart io her she was entitled to be reimbursed out of the proceeds of the real estate. As we see it, this is not an action for the recovery of real property sought to be subjected, nor does it concern or affect the rights of appellees thereto. Neither their title, right, nor ownership is disputed. On the contrary, it is not only admitted, but asserted. This is nothing more than an action to enforce a claim which is made by statute a lien upon the real property sought to be subjected, and the administrator of Mrs. Woolley was a proper party to the proceeding, and the right to revive the action did not accrue to plaintiff until six months after the grant of administration. The trial court erred in overruling the motion to file the petition of revivor.

The heirs at law are also necessary parties, and the proceeding could have been revived against them. See Gardner's Adm'r v. Roberts, 4 Kentucky Law Reports 614; Greer v. Powell, 1 Bush, 489. The second amended or supplementary petition offered sought to subject the

life estate of appellee R. W. Woolley as tenant by the curtesy to the payment of the tax bills sued for.  No revivor was necessary against him.  He was a party to the suit from the beginning, and had filed his answer.  As husband, he had acquired, during the marriage relation between himself and decedent, a vested interest in all of her real property by the birth of living issue, which became perfected by the death of the wife, and he took this interest as the heirs at law took the interest which they inherited from their deceased mother,—*cum onere.*  And this interest of the life tenant, like the interest which descended to the heirs at law, was covered by the statutory lien in favor of the tax bills assessed against the property, and, if necessary, could be subjected to their payment. We think the trial court also erred in overruling the motion to file this supplementary petition.  For the reasons indicated, the judgment appealed from in both actions is reversed, and cause remanded for proceedings consistent with this opinion.

Judges Guffy and DuRelle, dissent.

Petition of appellee for rehearing overruled.