**BRUMAGEN et al. v. HAMMONS et al.**

Court of Appeals of Kentucky.

Dec. 18, 1953.

Frank S. Ginocchio, Lexington, for appellants.

Paul Mansfield, Lexington, for appellees.

MORRIS, Commissioner.

Appellants were plaintiffs below; appellees were made defendants by a petition for revivor. The sole question is whether the court correctly held that the petition was not filed within the time provided by certain sections of Title 11, Civil Code of Practice. The court on submission on pleadings held the move for revivor not within time; overruled a motion to set aside a former order and dismissed the petition for revivor.

Briefly the pleaded facts leading up to the controversial question are: In February 1940 Mrs. Letha Hammons became housekeeper for Zack Poindexter, then 77 years of age and a widower. She served as housekeeper for about one year. On February 4, 1942, Mr. Poindexter deeded to Mrs. Hammons 15%⁄10ths acres of land; the deed was recorded on the same day. Mr. Poindexter died in 1943, leaving a will devising the residue of his property to his three children.

On October 28, 1943, the children filed a petition charging that the deed to Mrs. Hammons was procured by fraud and the exercise of undue influence. They sought cancellation and $500 per year rental. Issue was joined when Mrs. Hammons answered, admitting the factual allegations of the petition and denying such as tended to becloud her title. Mrs. Hammons died October 19, 1951; by will she devised her real property to her two children, it to be sold and the proceeds equally divided. She nominated an executor who failed to qualify, and on November 3, 1951, the daughter, Frances, qualified as administratrix.

No steps were taken by plaintiffs for about nine years after issue joined, and then not until November 1, 1952, when appellees by affidavit advised the court that the mother had died October 19, 1951, and there had been no move to revive the action. The court on the same day, applying the provisions of Sections 506 and 510, Civil Code of Practice, ordered the case stricken from the docket. On November 18, 1952, appellants moved to set aside the order of November 1, 1952, and on November 21st filed a petition making the administratrix a defendant and asking for an order of revivor against the daughter, individually, and against her brother. An amendment filed a few days later enlarged the first petition and asked that summons issue. The court overruled the motion to set aside the order of November 1, dismissed the petition for revivor and granted appeal.

In his written opinion the court stated the question to be whether "the right to revive this action ceased at the end of one year from defendant's death, or eighteen months after his death." The arguments of counsel for each party brought to the lower court, and bring here, consideration mainly of Sections 506, 507 and 508, Civil Code of Practice. Substantially Section 506 provided that upon the death of a defendant to an action for the recovery of real property only, or which concerns only a right or claim to such property, the action may be

forthwith revived against the real representatives.

Section 507 provided that an order to revive against a personal representative of defendant, or against him and the real representative cannot be made, without consent, within six months after the qualification of the personal representative. Section 508 provided that an order to revive against the representative or successor of a defendant shall not be made without consent "unless within one year after the time when it could have been first made." Section 510 directed the court's action if it be determined that there has not been timely movement for revival.

Before taking up the main question, we note that in Horsley v. Asher's Heirs, 94 Ky. 314, 22 S.W. 434, we construed the word "forthwith," to mean within a reasonable time, holding that the order should be made at the first term of court after the death of a party. Fayette circuit court is one of continuous session. KRS 23.050 (22).

Appellants contend that since they were seeking to recover for rent (amounting to about $4,500 at time of filing petition for revivor) the action involved not only recovery of the land but duties of the administratrix as well. It is further argued that if recovery be had on the rental claim, a judgment would necessarily have to be paid from Mrs. Hammons' personal estate. We assume from the pleading that the land involved has not been sold.

Based on these contentions, appellants insist that the case came under Sections 507 and 508 of the Code, in other words that under Section 507 the limitation did not begin until one year after qualification of the administratrix; that an order of revivor could not be made before six months after qualification of the personal representative (507). In support of their contentions reliance is had on only one case, Gresham v. Gresham, 3 Ky.Law Rep. 690, which we find to be an abstract that merely makes the statement that application for revivor against a "personal representative must be made within a year and six months after his qualification."

Under the state of the pleadings the joining of a claim for rent did not bring the case under the provisions of Sections 507 and 508. Insofar as appellants' petitions show, there was no ground for bringing the administratrix into the case. There was no attempt to show that a personal judgment could not be collected from the two children. The "claim" for rent was not a debt of testator, and the unverified petitions do not allege that a "claim" was asserted in the manner and time provided by Section 396.005, KRS.

The chancellor applied Sections 506 and 510, Civil Code of Practice, because, as he said in his opinion, "The accounting for rents would only concern plaintiff's rights or claim for detaining such real estate, and the case falls entirely within Section 506 of the Code." We think his conclusion correct; the real subject matter of the action was the recovery of the real estate; any damages for detention or recovery for rent would be consequential, depending altogether on success in regaining title to the land.

There are cases wherein the limitation period for revivor has been extended for more than the one year. Such as we have observed to have related to matters other than title or possession of real estate; matters which directly involved the powers or duties of a personal representative. The various sections of the Code manifest a distinction. The case of City of Louisville v. Woolley, 108 Ky. 691, 57 S.W. 499, involving an action to enforce a lien for taxes due on real estate, a debt of the decedent, points out the distinction.

We are of the opinion that the court was correct in overruling the motion to set aside the November 1, 1952 order and dismissing the petitions for revivor. Judgment affirmed.