CASE 37—EQUITY—MARCH 30, 1882.

# Hawkins, &c., v. Brown.

### APPEAL FROM WARREN CIRCUIT COURT.

1. Appellant having bought and received a conveyance from a *feme covert* of a tract of land for a full consideration, believing that she had the power to convey, made improvements in good faith upon the land. *Held*—that although the conveyance to him cannot be sustained, yet, inasmuch as she actively participated in the sale and conveyance, appellant is entitled to be reimbursed for his improvements.
2. The rents in favor of appellee should be regulated by the interest upon the consideration and on the value of the improvements, being neither greater nor less than their united amount.

RODES & SETTLE AND E. W. HINES FOR APPELLANT.

1. The purchase was made by appellant, was made in good faith, and in ignorance of the fact that appellee had no power to convey the land to him.
2. She represented to him that she was advised by her attorney that she could convey it, and appellant believing her statement, in good faith paid for and accepted the conveyance.
3. The rents should exceed the interest on the consideration paid, and on the value of the improvements. (Williams v. Rogers, 2 Dana, 375; Long v. Cox, 2 *Ib.*, 469; Taylor v. Porter, 1 *Ib.*, 423; Combs v. Tarlton, 2 *Ib.*, 466; Williams v. Wilson, 4 *Ib.*, 509; Ellis v. Graves, 5 *Ib.*, 124; Cogswell v. Lynn, 3 J. J. M., 41; Morton v. Ridgway, *Ib.*, 258; Clough v. Clough, 3 B. Mon., 66; Thomas v. Thomas, 16 *Ib.*, 420; 3 Mar., 180; 3 Dana, 573; 6 B. Mon., 104; 6 J. J. M., 425; Bellamy v. Ragsdall, 14 B. M., 366; Ewing v. Hundley, 4 Litt., 371.

H. T. CLARK FOR APPELLEE.

1. It is clear that appellant accepted the conveyance from appellee with a full knowledge of the fact that she had no power to convey unless her husband joined with her. Knowing this, he took it at his own risk, and should be held to pay rents. He should not be paid for improvements made with the knowledge that the conveyance was void.
2. He was neither deceived nor misled by any act of appellee.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellee, a married woman, sold and conveyed a tract of land to the appellant.

She received and used the consideration, which was about the value of the land at the time she conveyed it.

Her husband did not join in the deed.

The appellant occupied the land for fourteen years, and erected lasting and valuable improvements on it—more valuable than the land itself.

Then the appellee brought this suit to set aside the conveyance she had made, on the ground that she was a *feme covert* when and ever since she executed it, and sought to recover the land and the rents thereof.

The appellant resisted her prayer, and asked that he be reimbursed the purchase-money he had paid to her, with interest from the date of payment, and that he be adjudged the value of the lasting improvements, with interest thereon.

The court adjudged to her the land and canceled the deed, and referred the cause to the master to audit and report the rents and improvements.

The master reported in favor of appellant the consideration he had paid and six per cent. interest thereon; the taxes, and the enhanced vendible value of the land by reason of the improvements, but rejected his claim to interest on the last two named items. And he reported in her favor yearly rent to the amount of the united annual interest on the consideration, and the prime cost of the improvements, which brought her in debt to the appellant in the sum of $818.60.

Upon her exceptions the court set aside the commissioner's report, and rendered judgment in favor of appellant for $232.60.

This result was reached by first stating the account thus :

Hawkins, &c., v. Brown.

IN BEHALF OF APPELLANT.

| | |
|---|---:|
| Consideration | $750 00 |
| Interest on same | 588 00 |
| Taxes paid on land | 54 60 |
| Improvements | 1,200 00 |
| Total | $2,592 60 |

IN BEHALF OF APPELLEE.

| | | |
|---|---:|---:|
| Rent for six years at $60 per year | $360 00 | |
| And eight years at $250 per year | 2,000 00 | |
| Total | | 2,360 00 |
| Amount due Hawkins, appellant | | $232 60 |

The sum allowed appellant for the improvements was their prime cost, and the rent was fixed in favor of appellee at the value estimated from the opinions on that subject of the witnesses.

From the judgment giving to her the land there is no appeal, and the only question, therefore, for our consideration involves the propriety of the *criteria* upon which the court based its judgment.

In all cases of rescission of contract, the object of the chancellor should be to place the parties, as far as possible, in the condition they occupied before making the contract. And the facts of each particular case must, in some degree, control the equitable adjustment of the rights of the parties.

In this case the appellant knew the appellee was a married woman when he contracted with her, and, as a matter of *law*, he is presumed to have known that she was incapable of contracting, but, as a matter of *fact*, he did not know she was so disabled by her coverture.

Shall he, as contended by appellee's counsel, be denied anything for his improvements because her disability was known to him? We think not.

This court held, in the case of Bell's heirs v. Barnett, 2 J. J. M., 520, that after judicial notice to an occupant under purchase that the land does not belong to him, he should be allowed pay for his improvements made after such notice so far as they enhanced the value of the land.

So in the case of Thomas v. Thomas' ex'r, 16 B. M., 400, it was held that the widow was in equity bound to account for improvements by which the vendible value of the land was increased, although when she signed the deed she was a *feme covert*, and was incapable of imposing a charge upon her property, or of disposing of it except in the mode and with the solemnities prescribed by law.

And in Barlow v. Bell, 1 Marsh, 246, the land of the wife was sold by the agent of her husband, and after the death of the latter she sued and recovered the land, on the ground that she did not join in the sale or conveyance. The court refused the purchaser pay for his improvements, because he was shown to have had a perfect knowledge of the *feme covert's* title, and was advised of the consequences of a purchase from her husband's agent before he made it; yet it was said by the court that "we should have no hesitation in relieving the possessor for improvements made upon the land whilst he *bona fide* considered it his own. The possessor, by bestowing his money and labor in meliorating the land, advances its value, and consequently the rightful owner, unless liable to the claim of compensation, is so much the gainer by the loss of the possessor, contrary to the maxim "*nemo debet locupletari aliena jactura.*"

These principles apply to the facts of this case. It appears that these improvements were not, *in fact*, made *mala fide*, but under the mistaken belief that the wife had the right to sell her own land without the conjunction of her

husband. And she having actively and willingly partici-
pated in the transaction, there being no fraud or deceit prac-
ticed by the appellant, should be required to do equity, and
pay for the improvements, which she necessarily recovers
with the land, to the extent that they enhance its vendible
value.

And the rule as to the *quantum* of rents laid down in
Morton's heirs v. Ridgeway, &c., 3 J. J. M., 258, is, in our
opinion, applicable to this case. There it was said: "The
rents should be regulated by the interest on the considera-
tion and on the value of the improvements, being neither
greater nor less than their united amount."

This was the criterion by which the master was governed
in his report, which should have been confirmed.

Wherefore, the judgment is reversed, with directions to
overrule appellee's exceptions to the master's report, and
render judgment in conformity thereto.