CASE 59—PETITION EQUITY—MAY 28.

# Forst, &c. v. Davis.

APPEAL FROM JEFFERSON CIRCUIT COURT.
LAW AND EQUITY DIVISION.

1. REVIVOR.—Where pending an action to enforce a lien upon land the defendant dies upon the day which the report of sale is made to the court, the order of revivor made therein against the executrix within six months after her qualification, is under the provisions of section 507, of the Civil Code void, and a sale made thereunder passed no title.

2. EQUITY—SUBROGATION.—The bid of the purchasers at the decretal sale having been transferred to the executrix in her own right, and she having paid a large part of the indebtedness of the decedent in consideration of the assignment to her of the bid, and the sale having been declared void, she would be entitled to have repaid to her, such sum as she had paid therefor out of her own funds; and her vendee is entitled to be subrogated to her rights to the extent of the payments made by him to her for the lots sold, not exceeding the amount paid by her in consideration of the transfer of the bids; but the vendee must account for the rental value of the property and will be allowed interest on the purchase price, and pay for improvements.

CALLOWAY & MILLER, AND WILLIAM B. THOMAS FOR APPELLANT.

M. A. SACHS AND W. P. LINCOLN FOR APPELLEE.
(Record and briefs not in the office.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

In 1891 the appellants instituted this action in the Law and Equity Court of Jefferson county against David Davis, all of them being children and heirs at law of Abram Forst and Regina Forst, except Ike Forst, who was the administrator of Abram Forst, guardian of the infant appellants.

It is alleged in the petition that Abram Forst died tes-tate, and by his will bequeathed to his wife, Regina, all his real and personal estate during her lifetime, and at her death to go to his children; that Abram Forst died seized and possessed in fee simple of two lots of land situated in Louisville, Jefferson county, Kentucky. (Describing same.)

That said Forst was the holder at the time of his death of a policy of life insurance for the sum of five thousand dollars, the greater part 'of which was collected by Regina Forst, as executrix and guardian, and used by her for her own benefit, as hereinafter set out.

That on the 20th day of September, 1880, Louis Grauman filed his petition in the Louisville Chancery Court to foreclose a mortgage lien for the sum of $819.84 on the two lots aforesaid, against Abram Forst, etc., said mortgage having been assigned by B. Wellman, and the style of said suit is Grauman v. Forst, No. 35390, in the Louisville Chancery Court; the City of Louisville, L. Francke, D. Forst and A. J. Powell were made parties to said suit, the City of Louisville set up a counter claim of $440 for unpaid taxes, L. Francke a judgment lien for $3,803 50, D. Forst a mortgage lien for $2,250 and A. J. Powell a mortgage lien for $2,160; that on the 6th day of May, 1881, and before the conclusion of the suit of Grauman v. Forst, Abram Forst died leaving surviving him his widow, Regina Forst and the aforementioned children; Grauman v. Forst was revived against Regina Forst, executrix of Abram Forst, deceased, also against his children. Grauman assigned his claim to Kohn & Barker, attorneys. Judgment was rendered enforcing the claim of the City of Louisville, Grauman, Powell and

D. Forst. Powell assigned judgment in her favor to S. David & Son. Under the judgment of the court the property was sold to Kohn and S. David for $5,425, Kohn and David transferred their bid and purchase to Regina Forst for one thousand dollars, amount of Grauman's claim and for the further sum of $2,241.28 (amount of Powell's claim), which is acknowledged by receipt filed in said cause on April 14, 1882.

On January 12, 1883, Regina Forst paid into court $3,003.17 in satisfaction of the claims of D. Forst and City of Louisville, and it was ordered that a deed to the lots aforesaid be made to Regina Forst in her own right free from all liens, and same was so made, all of which was against the interest of these plaintiffs and against their consent, and they state that this conveyance and those subsequently made by Regina Forst were made for the purpose of cheating and defrauding these plaintiffs of their estate in remainder in the said lots; that Regina Forst conveyed in fee simple the first lot hereinafter described to David Davis, by deed recorded in deed book 330, page 555, Jefferson county clerk's office.

That Abram Forst at the time of his death was the holder of a policy for life insurance in the Connecticut Mutual Life Insurance Company; Regina Forst, as executrix and guardian, brought suit to collect same, No. 36558, Louisville Chancery Court; under the judgment of the court four thousand dollars were collected and it was ordered that the four thousand dollars be divided in fourteen parts, Regina Forst being entitled to 1-14 and each of the children of said Abram Forst to 1-14 of the said four thousand dollars. By

assignment in said cause Regina Forst became entitled to the shares of Jennie Forst, Joe Forst and Zack Forst, but the share of Zack Forst was attached by W. Lippman and D. Forst. Seven of these plaintiffs being infants at that time Regina Forst was entitled to collect 7-14 in her capacity as guardian; she also collected by virtue of power of attorney the share of Hart and wife, making in all $3,147.75 collected by her in her various capacities; that Regina Forst assigned one thousand dollars to Kohn & Barker, which was in payment of Grauman's claim, in the suit of Grauman v. Forst, which was against the rights of these plaintiffs, and they state further that they have never received their shares from Regina Forst. They charge that said Regina Forst collected and used said funds belonging to these plaintiffs and in making payments on the two lots aforesaid, which were conveyed to her in fee by the commissioners, and these plaintiffs were then and there deprived of their estate in remainder in said lots; that David Davis had knowledge both actual and constructive of these matters as stated.

That Regina Forst, pending the Grauman suit, mortgaged the premises aforesaid to David Davis, and used the money raised thereon for purchasing for herself, although she occupied a fiduciary character in regard to these plaintiffs, lots which were devised in remainder to these plaintiffs; that Regina Forst and David Davis taking advantage of the ignorance and youth of these plaintiffs and the fiduciary relation existing between Regina Forst and these plaintiffs, conspired together to defraud and cheat these plaintiffs of their estate in remainder, and they are now deprived of their said estate; that David Davis knew that Regina Forst was

the guardian of the infant plaintiffs herein, and those that were infants at the time of the execution of the will of Abram Forst, and further charge that he knew that Regina Forst was entitled to only a life estate to said lots, yet, notwithstanding this knowledge both actual and constructive, he assisted Regina Forst to cheat and deprive these plaintiffs of their property, and now having purchased the first lot hereinbefore described from Regina Forst, and holding same under deed from her, his occupancy in holding said land is unjust and against the interest of these plaintiffs, and he has no lawful title thereto, and said holding is without any conveyance from these plaintiffs, who are the rightful owners. Plaintiffs make all the proceedings in the case of Grauman v. Forst, No. 35390, Jefferson Chancery Court, and the case No. 36558 in the same court part hereof.

That their estate in the remainder in the said lot held by said David Davis is now vested, the defendant has deprived them of their estate and is now depriving them of their estate.

Wherefore, the plaintiffs pray that they have judgment for their claims herein; that the pretended conveyance of Regina Forst to defendant David Davis hereinbefore described be set aside and declared void; that said lot can not be divided without injuring its value; that said lot be sold and the proceeds therefor be applied to the benefit of these plaintiffs, for their costs herein expended, etc.

In the answer the defendant, David Davis, denies that said Regina Forst served as executrix of Abram Forst, denies the appointment of Ike Forst as administrator and guardian, and also denies that Abram Forst died possessed

in fee of the two lots of land, or either of them. The ans-
wer may be treated as a traverse as to the collection and
payment of the insurance money upon the judgment refer-
red to, as well as a denial of the assignment of the bid of
Kohn and David, admitted payment by her of the $3,003 17,
but denies that it was to satisfy the claim of D. Forst
and City of Louisville, but says it was in full payment of
the purchase bonds executed by Kohn and David and as-
sumed by said Regina Forst when the purchase was trans-
ferred to her; denies that the conveyance of said property to
Regina Forst was against the interest of plaintiffs or either
of them or against their consent; denies that the said con-
veyance to Regina Forst, or those subsequently made by her
were made, or either of them, for the purpose of
cheating or defrauding these plaintiffs; and denies
that the plaintiffs, or any of them, had or have any
estate in remainder, or otherwise, in said lots, or
either of them; denies that the assignment by Regina
Forst to Kohn and Barker of one thousand dollars of the
funds in the case of Forst, etc., v. Connecticut Mutual Life
Insurance Company was against the rights of plaintiffs.

In short the answer may be treated as a denial of the
affirmations of the petition which show a right to recover.
Denies his knowledge as to the history of the title. Ad-
mits the purchase of one of the lots from Regina Forst.

In the second paragraph it is alleged that on the 27th
day of January, 1889, the said Regina Forst for the sum of
four thousand dollars cash in hand paid conveyed one of
the lots to the defendant by deed of general warranty; that
the lots described in the petition were sold during the life-

time of said Abram Forst, and all title in or to same passed away from him prior to his death, and that by the purchase in the action of Grauman v. Forst, the said Regina Forst acquired absolute fee simple title in and to said lands; that the plaintiffs are heirs at law of said Regina Forst, deceased, and as such are bound by her warranty, which he pleads in bar of this action.

In the third paragraph it is alleged that if plaintiffs have any claim against the lands by reason of alleged investment therein of trust money coming to the hands of said Regina Forst as guardian of plaintiffs, such claim was a lien and incumbrance on such lands at the time of purchase by defendant, plaintiffs, having as heirs at law of said Regina Forst, inherited from her estate largely in excess of any sum which plaintiffs claim as so invested, and plaintiffs, and each of them, are bound and estopped by said conveyance, which is pleaded in bar of this suit.

In paragraph fourth, it is averred that Abram Forst departed this life May 6th, 1881, and at the time of his death, and long prior thereto, he was insolvent, and left no estate of any kind, and plaintiffs received no estate of any kind through him.

In paragraph fifth, it is alleged that said Regina Forst purchased the land from Kohn and David, who were the purchasers thereof at the decretal sale in the suit of Grauman v. Forst for the consideration of $926 and assumption by her of the purchase bonds executed by Kohn and David in said action amounting to the sum of $5,518 45. That by reason of her said purchase of said lands she became obligated to pay, and did pay out of her own funds, the sum of

$6,444.45, which sum was applied to discharge all debts due by Abram Forst, and expended for the benefit of his estate. That should the court hold that said Regina Forst only acquired a trust estate in said land, then defendant alleges that the said Regina Forst was entitled to be re-compensed for the said sum, $6,444.45, so expended by her for the benefit of the estate of said Abram Forst, deceased, with interest thereon from the date of payment, and said sums so paid is a lien on said lands, and all of which, he, in equity and good conscience is to be subrogated to the rights of said Regina Forst in the premises. That said Regina was the mother of plaintiffs, took charge of the children of Abram Forst, thirteen in number, seven of whom were infants of tender years, and from that time until her death in 1891, she supported, maintained, educated and clothed said children, who were infants at the date of their father's death.

Said Regina Forst was guardian of said seven children, and as such was entitled to a reasonable compensation for clothing, educating, etc., these children, and by reason of the warranty of the said Regina Forst to him in her said deed is subrogated to her right and claim for said compensation as guardian aforesaid, as against said plaintiffs herein, and says that the sum of one hundred dollars per year for each of said children, during ten years through which she cared for and supported them, making a total of seven thousand dollars, is a fair and reasonable sum to be ascertained and fixed as compensation for the expenditure of said Regina in maintaining and clothing said children, and defendant pleads same as an offset against the claim asserted herein by plaintiff.

Plaintiffs demurred to the 2d, 3d, 4th and 5th paragraphs of the answer, which demurrer was overruled, and as we think properly.

The reply may be treated as a traverse of all the affirmative allegations in the answer and counter claim:

Plaintiffs by amended petition and for amendment, alleged that Abram Forst died on May 6, 1881, and Regina Forst qualified as executrix May 16, 1881, and the purported order of revivor was entered on October 6, 1881, and that said order was issued contrary to law and is void.

On the 30th of October, 1893, defendant tendered and asked leave to file amended answer, which motion was overruled by the court, and as we think properly.

Upon final hearing the court dismissed plaintiffs' petition, and rendered judgment in defendants' favor for costs and from that judgment plaintiffs have appealed.

The contention of appellants is that the order confirming the sale of the lots was void, because the order of revivor was void, and therefore the legal title did not pass by the commissioner's deed. It is also further contended by appellants that the purchase of Mrs. Forst inured to the benefit of the plaintiffs, and is voidable at their option, and she should be treated as trustee for the benefit of plaintiffs, and that being both administratrix and guardian for the children and having a life estate in the land, she could not acquire an interest hostile to that of these plaintiffs, and insists that the rule is that the fiduciary can not purchase at a sale of the trust property for their own benefit, and that appellee had both actual and constructive notice of the nature of Regina Forst's title and purchase, and that his coun-

ter claim is neither sustained by the law nor the facts in this case.

Appellee contends that under the facts in this case there can be no resulting trust in favor of appellants. It is further contended that the order of the revivor was legal, and that the confirmation of the sale was valid and that appellee is an innocent purchaser

At the time of the death of Abram Forst the legal title to the lots in question was in his widow and children, and they could not be divested unless the sale made was confirmed and that could not be legally done until after the revivor of the action against said widow and heirs. The order of revivor was made within less than six months after the qualification of Regina Forst, and was therefore void and ineffectual to divest the heirs of the legal title.

Section 507 of the Code, does not allow an order of revivor in such cases until six months after the qualification of the personal representative of decedent.

The sale in this case was made May 2, 1891, and reported the 6th, and on the same day of the death of Abram Forst.

Section 506 of the Code, has no application to the case at bar, the order of revivor having been made within less than six months after the death of Forst was absolutely void. (Buford v. Guthrie, 14 B. Mon.)

It results therefore that the commissioner's deed to Regina Forst did not pass her the legal title to the lots; this being true it is not necessary to determine whether or not she held the property in trust for the benefit of the children.

The amount of money of the wards of Regina Forst, which she used to pay for the bid of Kohn and David does not

certainly appear, nor does the proof establish any conspiracy between her and appellee to divest the children of Abram Forst of their title to the land.

It is immaterial whether appellee had actual or constructive notice of the character of Regina Forst's title or claim to the lots, for the reason Regina Forst having no title to the land could not invest appellee with any.

Inasmuch as the title yet remains in the appellants, it follows that they are entitled to recover in this action, but it appears that appellee in good faith paid Regina Forst $———, and as it appears that she paid $6,444.45 of the indebtedness of Abram Forst in consideration of the assignment to her of the bid of Kohn & David for said lots, part, at least, of which, it seems, was her own money. She would therefore be entitled to be repaid such sum as she had paid out of her own funds for said bid, and under the facts in this case the appellee is entitled to be subrogated to the rights of said Regina Forst to the extent of the payment that he made to her for said lots, not exceeding $6,444.45, with interest from time of payment as to each of them, but Davis must account for the fair rental value of the property after he obtained control of it, but must be allowed interest on the purchase price and pay for improvements, if any, to the extent they increased the vendible value of the land, and also for all legal taxes paid by him on said property.

It does not appear that Regina Forst is entitled to any compensation for care and attention to her children, nor does it appear that they have, as heirs, received any considerable amount of property, hence appellee is not entitled to any

(23)

relief on account of her warranty of title to the lands, if she did warrant the same.

Upon the return of this case, the court will by proper proceedings ascertain the amount of the purchase price of said lot, paid by appellee to Regina Forst, as well as the amount of taxes, rents and improvements, as aforesaid, and upon appellants paying the amount found to be due to appellee, Davis, they will be entitled to a re-conveyance from him of said property, and upon the failure to pay such sum the court may order the sale of the property for the purpose of paying said sum and the residue, if any, to be paid to appellants, that is to the legal heirs of Abram Forst. But in no event can Davis be allowed a greater sum with interest added to it than Regina Forst paid out of her own funds for the bid of Kohn and Davis, but Davis will also be allowed such sums, if any, as may be found due him for legal taxes paid by him and for improvements as indicated herein.

For the reasons indicated the judgment of the court below is reversed and the case remanded with directions to set aside the judgment appealed from, and for further proceedings consistent with this opinion.