## Wilson v. Hamilton, et al.

(Decided October 19, 1910.)

### Appeal from Hardin Circuit Court.

Land—Life Tenant—Improvement—Personal Charge Against Remainderman.—The rule in this state is that a life tenant cannot expend money or labor in improving land and charge it on the estate in remainder or make it a personal charge on the remainderman, and the fact that the tenant supposed he had an absolute title to the property does not prevent the application of the rule.

O. M. MATHER for appellant.

L. A. FAUREST for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On October 24, 1870, N. F. Twyman made and executed his will which was probated after his death in Larue county, Kentucky, on December 30, 1870. Sections five and six of the will, the only ones which have any connection with the litigation, are as follows:

"5th. It is my will and desire that the remainder of my estate after deducting the amount before mentioned out, shall be equally divided between my sister Mary F. Hamilton and my brother James W. Twyman that part to my brother J. W. Twyman to be subject to the restrictions and provisions hereinafter set out and to be governed by a trustee hereinafter appointed for him in the next and sixth section of this will.

"6th. I hereby appoint I. W. Twyman a trustee for my brother, J. W. Twyman, and for that purpose will that part going to my brother James W. Twyman to him in trust for my said brother James W. Twyman and after his death to go to my sister, M. F. Hamilton, for her life then to her children with the instruction to said trustee to invest all that will be coming to my brother

from my estate in land and a house for my brother in some good neighborhod where he may think best for my brother to live and with further instruction that said trustee take the conveyance of the property thus purchased to himself for the use and benefit of my said brother and the same not to be incumbered or made liable for any of my brother's debts already contracted or any debts hereafter contracted by him and should said trustee die, be removed, or give up his trust then my brother may choose a decent person to act as trustee for him.''

It will be noticed that the testator devised to his brother, James W. Twyman, one-half of the residue of his estate for life, and at his death it was to go to his sister, Mary F. Hamilton, for her life and then to her children.

He directed his appointed trustee, I. W. Twyman, to collect the residue of his estate and take 'the one-half devised to his brother and invest it in ''land and a house'' in some good neighborhood for his brother's use so long as he lived, and to take the conveyance in his own name as trustee. The trustee complied with this request, and with the money devised to his brother, purchased about 100 acres in Hardin county and placed J. W. Twyman upon it, where he lived until 1902, when he became dissatisfied with it. It appears that, by imprudent management, he had suffered the place to become dilapidated. Some time before the year 1902, the trustee named in the will, I. W. Twyman, died, and it seems J. W. Twyman selected A. B. Twyman as his trustee. A. B. Twyman accepted and assumed the duties as trustee, but never qualified or executed bond as such. He, at the instance of J. W. Twyman, made an exchange of land with appellant, B. F. Wilson, who owned a farm of about 100 acres in Larue county. B. F. Wilson conveyed the Larue county farm to A. B. Twyman as trustee for J. W. Twyman with the same provisions as contained in the will, and A. B. Twyman, as trustee, conveyed the farm in Hardin county to B. F. Wilson; the one farm being the sole consideration for the other. In the year 1905, J. W. Twyman died and in 1906 Mrs. M. F. Hamilton and her children instituted this action for the recovery from B. F. Wilson of the Hardin county farm.

Wilson answered the petition, virtually conceding that he could not hold the land against the plaintiffs, appellees, and alleged that he, in good faith, believed he

was the owner of the land; that he had been advised by three attorneys that a deed from A. B. Twyman, as trustee, to him would pass a good title; that he had made valuable and lasting improvements upon the land by repairing the house, building a crib, garden and farm fences, grubbing and clearing twenty-five or thirty acres of land, erecting a box, tenant house and other repairs, all of which amounted to about $400 for which he asked a lien upon the land to secure its payment.

He introduced witnesses whose testimony tended to show that by these improvements the value of the land had been enhanced the amount claimed. There is no doubt, under the proof, that the improvements cost B. F. Wilson about the amount named, in money and labor, but it is evident that the greater part of the improvements were not lasting improvements in the sense used in the law books. But this is immaterial, as the improvements were made during the life of J. W. Twyman who possessed only a life interest in the property, and Wilson obtained only the interest J. W. Twyman had by reason of the conveyance, and under the law neither J. W. Twyman nor his vendee, appellant, could improve the property and place a lien upon it as against the remainderman. The conveyance to appellant placed him in no better position and in possession of no greater estate than was owned by J. W. Twyman, the life tenant. The rule is that a life tenant cannot lay out money or labor in improving land and charge it on the estate in remainder or make it a personal charge on the remainderman, and the fact that the tenant might have supposed that he had an absolute title to the property, does not prevent the application of the rule. (Johnson, et al. v. Stewart, et al., 8 Ky. Law Rep., 857; Mayes, et al. v. Payne, 22 Ky. Law Rep., 1465; Nineteenth & Jefferson St. Presb. Church v. Fithian, et al., 16 Ky. Law Rep., 581; Henry v. Brown, 99 Ky., 14, and Robinson v. Gray, 97 S. W., 347.) Therefore, the lower court did not err in refusing to place a lien on the remaindermen's interest in the land asserted by appellant. This is an apparent hardship, but it has for a long time been the rule in this state, and appellant must be presumed to have accepted the conveyance which passed to him only the life interest of J. W. Twyman, with the knowledge of this rule. Under the proof in this case, however, it appears that appellant will be benefited by being compelled to surrender the Hardin county land and take back the

Larue county farm, as it appears the latter is more valuable. Appellant testified that the Larue county farm was worth $1,000 and would rent for from $75 to $100 a year, and that the Hardin county land was worth about $600 with a rental value of from $20 to $50 per year.

For these reasons, the judgment of the lower court is affirmed.