## Weber v. Lightfoot, et al.

(Decided February 6, 1913.)

Appeal from Jefferson Circuit Court.
(Chancery Branch, First Division.)

Vendor and Purchaser—Respective Rights of on Rescission—Rents—Improvements.—Where the vendor sells and conveys real estate

believing in good faith that he has a good title, and the vendee purchases under belief that the title is good, and takes possession of the property, paying taxes and making improvements thereon, the vendor may, in a suit for that purpose, recover the property, but the vendee is entitled to a lien on the property for the consideration, with interest thereon, and to the amount that the improvements have enhanced the vendible value of the property, as well as to a lien for taxes paid, and the vendor is entitled to rent equal to the amount of the interest on the consideration and the first cost of the improvements.

EDWARD G. KLEMM, for appellant.

KEITH L. BULLITT and BRUCE & BULLITT, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

In January, 1897, the appellee, Mrs. Lightfoot, executed a deed to the appellant, Mrs. Weber, conveying to her a lot in Louisville, for the consideration of $815. The deed, however, did not pass any title to the lot, because the husband of Mrs. Lightfoot did not join in its execution, and this was so held by this court in Weber v. Tanner, 23 Ky. L. R., 1107, in which case the appellant was Mrs. Weber.

Notwithstanding this opinion of the court, holding that she had no title to the lot, Mrs. Weber, who was apparently both ignorant of the law and ill advised, continued in possession of the property as if she had a good title, and was evidently under the belief that she had. Mrs. Lightfoot, about the time of this decision, or perhaps before, moved out of the state and gave the matter no attention, nor did she take any steps to assert title to the property until 1905, when she filed an intervening petition in a suit brought by one George McCloud against Mrs. Weber and other persons, in which he sought to subject the lot to reimburse him for money he paid out as part of the purchase price of the lot in a suit brought by Tanner against Weber. In this intervening petition Mrs. Lightfoot averred that she was the owner of the property, and asked that it be sold and the proceeds, after satisfying McCloud's debt, be paid to her.

In her answer to this petition of Mrs. Lightfoot, Mrs. Weber set up that Mrs. Lightfoot was estopped to attack the validity of her deed, and asked, if this defense be held not good, that she be given a superior lien on the property for improvements made by her and for other amounts expended by her in paying taxes and for street improvements; and also for the consideration she

paid. Other pleadings were filed by the parties setting up their respective contentions in respect to rent, improvements, taxes, and the like, and after some proof was taken, the court adjudged:

(1) That the property be sold; (2) That William Marshall Bullitt, as assignee of George McCloud, had a lien superior to the lien of Mrs. Lightfoot to secure him in the payment of $233.50, with interest; (3) That Mrs. Weber had a lien inferior to Bullitt's lien upon the property to secure her the present value of the improvements placed on the land by her, and also to reimburse her for taxes and apportionment warrants which she had paid, and the consideration she paid to Mrs. Lightfoot; (4) That Mrs. Lightfoot was entitled to the rents and profits of the property during the time it was in the possession of Mrs. Weber. It was further adjudged that Mrs. Lightfoot, subject to these various liens, was the owner of and entitled to the possession of the property and to whatever proceeds might be left after satisfying these liens. From the judgment awarding the property to Mrs. Lightfoot and giving her rents Mrs. Weber appeals.

It is insisted that the court erred in adjudging that Mrs. Lightfoot was entitled to recover the possession of the property, the argument being that Mrs. Lightfoot, in selling the property to Mrs. Weber, practiced a fraud upon her, and is therefore estopped from attempting to have the deed, by which she attempted to convey the property to Mrs. Weber, cancelled. There is, however, no evidence of fraud or bad faith on the part of Mrs. Lightfoot or any one else shown in this record. Mrs. Lightfoot evidently believed that she had a right to convey the property to Mrs. Weber, and Mrs. Weber likewise believed that she was getting a good title, and this belief of both these parties seems to have continued in good faith until 1905, notwithstanding the opinion of the court heretofore mentioned.

As Mrs. Lightfoot was entitled to recover the property the only matters to be disposed of are, the rights of Mrs. Weber, Mrs. Lightfoot, and Bullitt in the proceeds.

A case like this in every essential particular is Hawkins v. Brown, 80 Ky., 186. In that case Mrs. Brown conveyed a tract of land to Hawkins by a deed in which her husband did not join. Hawkins remained in pos-

session of the land for some fourteen years, during which time he erected valuable improvements on it. At the expiration of this time Mrs. Brown brought suit to set aside the conveyance that she had made upon the ground that it was void, and to recover the land and the rents thereof.

The lower court adjudged the land to Mrs. Brown, and referred the case to the Master to audit and report the state of the rents and improvements. The Master reported that Hawkins was entitled to the consideration he had paid for the property and six percent interest thereon, to the taxes paid and the enhanced, vendible value of the land by reason of the improvements, but rejected his claim to interest on the last two named items. He also found that Mrs. Brown was entitled to rent equal to the amount of the united annual interest on the consideration, and the first costs of the improvements. In other words he reported that the rent should be set off against the interest on the consideration and the interest on the value of the improvements.

This court in the opinion held that this was the correct basis on which to settle the accounts between the parties, and reversed the judgment of the lower court adopting a different basis.

The rule laid down in this case, which was approved in Hall v. Dineen, 26 Ky. L. R., 1017, should be followed by the lower court in the settlement of the accounts between the parties and in the distribution of the funds realized from the sale of the property. The claim of Bullitt should be treated as superior to the claim of Mrs. Lightfoot but inferior to the lien of Mrs. Weber. The court did not order a distribution of the fund but referred the case to the Commissioner to state the accounts between the parties on the basis indicated by the extracts from the judgment, and no appeal lies from this much of the order, the only appealable part of the judgment being that part declaring Mrs. Lightfoot entitled to recover the property, which was correct.

The judgment is affirmed, with directions to state and settle the accounts between the parties on the basis indicated in the cases cited.