### Bragg, et al. v. McCoy.

(Decided September 10, 1920.)

### Appeal from Pike Circuit Court.

Improvements—Husband and Wife—Right of Purchaser From Married Woman to Reimbursement for Improvements.—Where a married woman actively participates in the sale of her real estate by her husband, but the sale is invalid because the husband did not have legal authority to bind his wife, one who purchases and improves the property in good faith is entitled to reimbursement for such improvements.

WHITT & SHANNON for appellants.

F. W. STOWERS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the year 1892, Polly McCoy, a daughter of Uriah McCoy of Pike county, was married to Frank Bragg. Upon their marriage they moved to West Virginia, where they resided until about the year 1917, when they returned to Pike county. Uriah McCoy died in the year 1893, and his land was partitioned among his children, lot No. 7 being allotted to Polly Bragg. In the year 1895, Frank Bragg, the husband of Polly Bragg, came

to Pike county and sold lot No. 7 to Polly Bragg's brother, Howard McCoy. The consideration was a horse valued at $100.00, $20.00 in cash and notes for the balance of $180.00. Frank Bragg returned to his home with the horse and money and notified his wife of the sale. Howard McCoy took possession of the land and continued in possession until two or three years ago, when the Braggs returned and took forcible possession of the property. While in possession of the place, McCoy put valuable improvements thereon. There is evidence that Polly Bragg authorized her husband to make the sale, but no satisfactory evidence that she executed a power of attorney. McCoy says that he frequently advised Polly Bragg and her husband that he was ready and willing to pay the balance of the purchase price, but they would never accept it. On the other hand the Braggs claim that McCoy never would settle for the land.

This suit was brought by McCoy for specific performance, but he subsequently filed an amended petition asking that if specific performance be not decreed, he be adjudged a lien on the land to the extent that the improvements placed thereon had increased its vendible value. On final hearing he was awarded a lien for $400.00, and Polly Bragg and her husband appeal.

The chancellor fixed the amount for which McCoy was awarded a lien after balancing the equities between the parties, and it is not pointed out wherein the amount is excessive. Indeed, the chief contention is that a married woman's property cannot be made liable for improvements under the circumstances here presented. Though Frank Bragg, the husband of Polly Bragg, did not have the legal authority to make a binding sale on behalf of his wife, her active participation in the sale is shown not only by her own admission, but by the fact that after the sale and the terms thereof were reported to her, she acquiesced in the sale and for more than twenty years took no steps to recover the property. Furthermore, Howard McCoy was not versed in the law and it is clear that he entertained the honest belief that Frank Bragg had the authority to sell the property and vest him with title, and that he was therefore a purchaser in good faith. This view is confirmed by his taking possession of the property, paying all taxes thereon and erecting lasting improvements on the premises. That

being true, the case is one where Polly Bragg actively and willingly participated in the transaction, and it does not appear that any fraud or deceit was practiced on her by her brother. In the case of Hawkins v. Brown, 80 Ky. 186, a married woman sold a tract of land by conveyance in which her husband did not join. Although the conveyance was void, it was held that the purchaser should be reimbursed for his improvements. The same doctrine was announced in the more recent case of Weber v. Lightfoot, 152 Ky. 83, 153 S. W. 24. There is no reason why the same rule should not apply to the facts of this case. The sale was not valid because the husband did not have the legal authority to bind his wife, but as she actively participated in the sale, and the vendible value of her property has been increased by the improvements which were placed thereon in good faith, she should not be permitted to repudiate the sale and recover the property without doing equity in the matter.

Judgment affirmed.