## Marsee v. Richmond, Guardian, et al.

(Decided May 30, 1922.)

### Appeal from Perry Circuit Court.

1. Guardian and Ward—Action for Sale of Infant's Real Estate—Rights as Surviving Husband.—Where a surviving husband of a decedent, who has certain rights in her real estate as such surviving husband, qualifies as the guardian of an infant child of the decedent and brings an action as such guardian without being a party to the suit in his individual capacity, his rights as such surviving husband cannot be considered in any judgment entered by the court.

2. Guardian and Ward—Sale of Infant's Real Estate—Bonds.—A suit by a guardian who as such is the only plaintiff and wherein the infant is the only defendant, in which the relief sought is the sale of the infant's real estate for the purposes of reinvestment, is a suit under subsection 5 of section 489 of the Civil Code, and the bond required by section 493 of the Code to be given before the entry of the judgment must be so given or the judgment will be void under subsection 3 of section 493.

3. Husband and Wife—Estate of Surviving Husband.—A surviving husband only takes under section 2132, Kentucky Statutes, an estate for life in one-third of the decedent's real estate.

FAULKNER & STANFILL for appellant.

EVERSOLE & TURNER and JAMES G. BEGLEY for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

This is an action by Mat Richmond, guardian of Joanna Richmond, against Joanna Richmond, wherein it is sought to sell for reinvestment the undivided interest of the infant in a tract of coal lands in Perry county.

Mat Richmond is the father of Joanna Richmond and is likewise her guardian. The petition alleges that Elizabeth Richmond was the wife of Mat Richmond and that Joanna, the infant, was the only child of Elizabeth and upon the death of Elizabeth inherited from her the one-seventh undivided interest in the tract of land which it is sought to sell. The allegation is that the infant became the owner of the one-seventh undivided interest in the land upon the death intestate of her mother; that the land is rough and mountainous and not suitable for a home; that its chief value is in the coal with which it is underlaid and that the owners of the other several interests therein had sold out to a mining company which was, or soon would be, mining the coal from the tract of land, and that under these circumstances it could be sold for a good price; that the infant had no other land and no home and that the guardian had a contract or agreement for the purchase of a suitable home which would be advantageous both to him and the infant if the funds arising from the sale of the one-seventh undivided interest should be reinvested therein.

Although Mat Richmond in his individual capacity is not a party to the suit, it is incidentally alleged in the petition that the plaintiff (evidently meaning Mat Richmond in his individual capacity) has a curtesy in the said tract of land during his life, and in the prayer of the petition it is asked that the court in its judgment direct the amount the plaintiff (meaning Richmond) shall have of the money.

A guardian *ad litem* was appointed for the infant, the infant was brought before the court, the guardian *ad litem* filed his answer, evidence was taken by interroga-

tories, and upon submission the court ordered a sale of the one-seventh undivided interest and adjudged that Mat Richmond and Joanna Richmond were the owners of the one-seventh undivided interest, and that Mat Richmond was entitled to a life interest therein and Joanna Richmond entitled to the remainder.

A sale was had under this judgment and appellant Marsee became the purchaser; but thereafter he filed an exception to the sale raising the single question whether the sale was void because of the failure of the guardian before the judgment of sale was entered to file the bond required by section 493 of the Civil Code, and whether this is a case requiring the execution of such a bond prior to the sale is the only question involved.

It appears that after the filing of the exception by the purchaser and before it was acted on by the court, the guardian did execute such a bond with the required surety, and thereafter the court overruled the exception and the purchaser has appealed. Section 493 of the Civil Code provides that, subject to the provisions of sections 491, 496 and 497, and except the cases mentioned in subsections one and two of section 489, ''the guardian of each infant, the committee of each person of unsound mind, and the husband or next friend of each married woman, must before the sale is ordered, execute a bond to the infant, infant married woman, or person of unsound mind, with at least two sureties,'' and subsection 3 of section 493 provides ''if the bond be not given, any order of sale, and any sale or conveyance made under such order, shall be absolutely void and of no effect.''

The question presented here is whether this action comes within any of the exceptions prescribed in section 493.

It is clear that this is a plain action by a guardian against his ward for the sale of the ward's real estate for the purpose of reinvestment in other real estate, and plainly such an action as is provided for in subsection 5 of section 489 of the Civil Code. The guardian is the only plaintiff and the infant is the only defendant; and while it is incidentally developed by the allegations of the petition that the guardian is also the father of the infant and that the father of the infant, as the surviving husband of the infant's mother, has certain rights therein under the statute, the father in his individual capacity is not a party to the action and, consequently, in this action can assert no right to any interest in the property. In

determining the nature of the action it must be treated as if the guardian was a stranger and in his individual capacity had no right whatsoever in the property sought to be sold; the surviving husband has not seen proper to make himself a party to the action as such and, manifestly, his rights as such cannot enter into any judgment which the court could enter.

If the surviving husband was a party to this action and asserting his rights as such under the law he might be deemed the holder of such a particular estate as is contemplated in section 491 of the Code and there might have been presented a case in which the bond would not be required, but it is unnecessary to determine that question in this action. It is a plain suit by a guardian against his infant ward for the sale of her real estate for the purposes of reinvestment and clearly comes within the provisions of subsection 5 of section 489. It has many times been held in this state that in an action for reinvestment by a guardian against his infant ward, under subsection 5 of section 489, the bond required by section 493 to be given before the entry of the judgment must be given at that time. Hicks v. Jackson, 24 R. 218; Cornell v. Cornell, 131 Ky. 650; Phillips v. Spaulding, 31 R. 581.

It has likewise been held by this court that in cases where the bond is required by section 493 to be executed before the entry of the judgment it is jurisdictional and is a condition precedent to the right of the court to enter the judgment that the bond should be so executed. Barber v. Hopewell, 1 Met. 262; Elliott v. Fowler, 112 Ky. 376.

The court also erred in adjudging the surviving husband to be the owner of a life estate in the whole of the one-seventh interest. Under the statute (section 2132) he took only an estate for life in one-third thereof.

The judgment is reversed with directions to sustain the exception.