## Leonard, et al. v. Williams.

### (Decided June 7, 1927.)

### Appeal from Hardin Circuit Court.

1. Life Estates.—Mere life tenant or purchaser from life tenant cannot assert lien on land against remaindermen for his improvements, though made under false assumption that he was owner of perfect title.
2. Improvements.—Bona fide purchaser, placing lasting and valuable improvements on land under good-faith belief that he owns perfect title, may have a lien thereon as against true owner, to extent that they enhanced its vendible value, not to exceed their cost.
3. Executors and Administrators.—Purchaser of both life estate and remainder at administrator's sale, without actual knowledge that prior judicial sale and conveyance of remainder to decedent was ineffectual because of defective affidavit for warning order for nonresident defendant, held entitled to lien on land to extent that improvements, placed thereon by him in good-faith belief that he had perfect title, enhanced its vendible value; defect not being apparent of record.
4. Executors and Administrators.—Good-faith purchaser of life estate and remainder at administrator's sale, without knowledge of defect invalidating prior judicial sale of remainder to decedent, held properly required to account for reasonable rents after expiration of life estate, less taxes paid by him.
5. Appeal and Error.—In absence of cross-appeal, judgment as to amount of rents, for which appellee was properly required to account, cannot be disturbed, though he excepted thereto.
6. Executors and Administrators.—Where purchaser of remainder at administrator's sale for payment of debts committed waste while on property to much greater amount than such debts, his right to lien therefor was extinguished, and did not pass to purchaser of both life estate and remainder at subsequent administrator's sale for former purchaser's debts.

G. K. HOLBERT and H. L. JAMES for appellant.

L. A. FAUREST for appellee.

Opinion of the Court by Commissioner Sandidge—Reversing.

The former appeal of this case determined the question of ownership of the title and right to possession of a tract of land in Hardin county, Ky., as between appellant, Leonard, and appellee, Williams, in favor of the latter, Leonard v. Williams, 205 Ky. 218, 265 S. W. 618.

This appeal presents the question whether Leonard may be adjudged a lien on the land for improvements to the extent they have enhanced its vendible value. It appears that at the time appellant had possession of and placed the improvements upon the land he was the owner of only an estate for life, or rather pur autre vie. Appellee insists and the chancellor adjudged that this fact is conclusive. The principle of law has often been written and long adhered to by this court that a life tenant or a purchaser from a life tenant cannot assert a lien on the land against the remaindermen for his improvements, although made under the false assumption that he was the owner of the perfect title. See Henry, etc., v. Brown, etc., 99 Ky. 13, 34 S. W. 710, 17 Ky. Law Rep. 1329; Robsion v. Gray, 97 S. W. 347, 29 Ky. Law Rep. 1296; Wilson v. Hamilton, 140 Ky. 327, 131 S. W. 32; Larmon v. Larmon, 173 Ky. 477, 191 S. W. 110; Scott v. Scott, 183 Ky. 604, 210 S. W. 175; Ratterman v. Apperson, 141 Ky. 821, 133 S. W. 1005; and numerous other opinions referred to therein. All of those opinions, however, were written in cases where the litigant, seeking to assert a lien for improvements, had placed them upon the land while holding it under evidence of title which merely created a life estate in him or by purchase and conveyance from one who had merely a life estate to convey.

The rule is equally well established and as uniformly adhered to that a bona fide purchaser of land, who, while in its possession, places lasting and valuable improvements on it under the good-faith belief that he owns its perfect title, may, as against the true owner, have a lien on it, not for their costs, but to the extent that they have enhanced its vendible value, not to exceed their cost. Combs, Guardian, v. Deaton, 199 Ky. 477, 251 S. W. 638; Forst v. Davis, 101 Ky. 343, 41 S. W. 27, 19 Ky. Law Rep. 558; Loeb v. Conley, 160 Ky. 91, 169 S. W. 575, Ann. Cas. 1916B, 49; Jackson v. Claypool, 179 Ky. 662, 201 S. W. 2; Bragg v. McCoy, 188 Ky. 762, 224 S. W. 200; Hawkins

v. Brown, 80 Ky. 186; Weber v. Lightfoot, 152 Ky. 83, 153 S. W. 24. Numerous other opinions and authorities may be found referred to in the opinions mentioned.

These two principles and the opinions supporting them are not in conflict, but are in harmony; neither is the former in the nature of an exception to the latter. The principle and the opinions declaring it relied upon by appellee were written in cases where the one seeking to assert a lien took and held merely a life estate in the land under the instrument granting him his title, or obtained such title as he had from one who owned and held merely a life estate. In those cases there was no ground upon which the holder of the life estate could base a good-faith belief that he owned the perfect title.

The case now before us is distinguishable from the cases cited and relied upon by appellee in this very material particular: Appellant does not rely upon his purchase of the life estate in the land in controversy for his good-faith belief that by his purchase he acquired complete title. In addition to the fact that at the time he made the improvements appellant was rightfully in possession of the land under purchase from the life tenant, these further facts appear: Vincent Williams, who died in 1871, by his will devised an estate for life in the land to his surviving widow, Mary E. Williams, and the fee in remainder to his son, David S. Williams. The latter died intestate, and without having previously disposed of his interest in the land. He then resided in the state of Indiana and was survived by an only child and heir, appellee, Charles Le Roy Williams, who inherited the fee in remainder in the land subject to the debts of his father. The father owed certain debts in Hardin county, Ky., and had no property there save the remainder in the land. An action was instituted in the Hardin circuit court by the administrator of his estate to sell his remainder in the land to pay his debts. Appellee, the only heir, was made a party defendant. The life estate was not involved in that action. A judicial sale was had. Lemuel Coleman became the purchaser, paid the purchase price, and received deed of conveyance for the remainder. That sale was defective for the reason that the affidavit for the warning order for the nonresident defendant, appellee here, was defective. See Leonard v. Williams, supra

There is no evidence that the purchaser, Coleman, ever had knowledge of that fact, however. He was a son-in-law of the life tenant, and from the date of his purchase until his death he and she lived together upon the land, treating it as though between them they owned its complete title. Coleman died intestate in 1911, without sufficient personal estate to settle his debts, and in an action by his administrator the fee in remainder was again sold at judicial sale. The life tenant joined in this action and asked to have her life estate sold and to be paid its present cash value. So the complete fee was sold. Appellant, Leonard, became the purchaser, paid the purchase price and received deed of conveyance for the life estate for and on behalf of the life tenant and for the fee in remainder for and on behalf of its owners. Under this purchase he went into possession of the land and continued so undisturbed until some three years after the death of the life tenant, which occurred in 1919.

This action to oust him was begun in 1922. There is nothing in the record remotely suggesting that appellant had knowledge or reason for suspicion that the judicial sale and conveyance of the remainder interest in 1902 was defective or ineffectual, or that his purchase at and conveyance under the judicial sale of the entire estate in 1911 was for that reason ineffectual as to the remainder interest. It cannot be doubted that appellant was in utmost good faith, as he testifies, when he purchased and paid for what he believed to be the complete title, and that, when he placed the improvements on the land, he did so in the utmost good-faith belief that he owned and possessed it under perfect title, so far as actual knowledge goes. Can the constructive notice of the defective judicial sale of 1902 be said to have removed all the ground for his good-faith belief that he owned complete title when he made the improvements? The defect could not have been disclosed to him by his inspection of the record. Only a skilled lawyer could have discovered it, as reference to the former opinion herein will disclose.

In Hawkins v. Brown, 80 Ky. 186, and Weber v. Lightfoot, 152 Ky. 83, 153 S. W. 24, purchasers from married women whose husbands did not join in the conveyance, and whose deeds were for that reason void, were permitted upon being ousted to recover for improvements under the good-faith rule, supra. Numerous other similar cases are referred to in those opinions. In

Combs, Guardian, v. Deaton, 199 Ky. 477, 251 S. W. 638, it was said:

"All the cases and text-writers indorse the rule as stated, but there is a divergency among them as to what constitutes a bona fide or good-faith purchaser, some of them holding that constructive notice of a defect in the title will be sufficient to destroy the right to the lien, while others hold that actual notice of such defects is necessary for that purpose. The Forst case, supra, is one from this court subscribing to the latter view; and in the Loeb case it is said: 'If, however, the improvements are not made by a person while acting in good-faith belief that he is the owner of the land, or if they are made with actual notice of an adverse superior claim, . . . the person making the improvements will not be entitled to compensation.' It will thus be seen that the court was therein of the opinion that a lien would exist unless the purchaser had actual notice of the defect in the title."

For these reasons this court can but conclude that the chancellor erred in refusing appellant a lien upon the land to the extent that the improvements enhanced its vendible value.

The commissioner to whom the case was referred reported that the improvements, consisting of a small dwelling house, a large barn, and something over a mile of woven wire fencing, had enhanced the vendible value of the land to the extent of $1,250. Entertaining the view, when the judgment was entered, that appellant was not entitled to a lien for improvements, the chancellor neither confirmed nor modified this finding. Our consideration of the question leads to the conclusion that the commissioner's report in this particular should be confirmed.

Appellant lived upon the land something over five years after the death of the life tenant, and paid the taxes during that time. The chancellor adjudged that he should account for the rental value, less the taxes, adjudged to be $124.65. Appellee excepted to the judgment as to the rental value, but has not prosecuted a cross-appeal. The chancellor correctly required appellant to account for reasonable rents after the expiration of the life estate, less taxes paid by him, and in the state

of the record the judgment as to amount cannot be disturbed. Appellant does not appear to have committed waste. Appellant is not entitled to a lien upon the land to the extent that the purchase price paid by Coleman was used in settlement of debts owing by David S. Williams when he died. The remainder interest which passed by descent from David S. Williams to appellee was liable to be subjected to the payment of David Williams' debts. However, Coleman, who purchased this remainder, and whose purchase money paid the debts, committed waste while on the property to a much greater amount than the debts he paid. Thus his right to a lien for the debts was extinguished, and could not have passed to appellant under his purchase at the judicial sale in 1911.

Reversed and remanded for judgment in conformity herewith.