## Hurt's Guardian, et al. v. Crawford Coal Corporation.

(Decided December 16, 1927.)

### Appeal from Perry Circuit Court.

1. Husband and Wife.—Where three of grantors in deed were married women at time they executed deed and their husbands not only did not join in deed, but also had never executed any deed to property, deed was void so far as interests of the three women were concerned.

2. Dower.—Where widow, after death of her husband, executed deed to land at time when neither dower nor homestead had been allotted to her, no interest in land passed to grantee under deed.

3. Guardian and Ward.—Where widow who had attempted to convey her interest in property brought suit as guardian of her infant daughter to sell infant's interest in property for purpose of reinvestment and averred in petition that she had conveyed whatever interest she had in property to one not party to suit, suit was brought under Civil Code of Practice, sec. 489, subsec. 5, not section 491, and where bond required by section 493 was not executed until after judgment had been entered, sale had, and sale confirmed, sale was void.

4. Improvements.—Purchaser at sale of infant's interest in land for purpose of reinvestment, under Civil Code of Practice, sec. 489, subsec. 5, which was void because guardian failed to execute bond required by section 493 until after sale, having only constructive notice of defect caused by failure to execute bond, was bona fide purchaser and entitled to lien on property for whatever enhancement in value it had sustained by reason of improvements purchaser placed upon property.

S. C. DUFF and H. C. EVERSOLE for appellants.

J. W. CRAFT for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Wm. N. Hurt died shortly before the year 1918, leaving surviving him as his only heirs and distributees at law his widow, Sallie Hurt, and his daughter Ollie Mae Hurt, then an infant less than 9 years of age. At the time of his death it was thought that he owned the surface of two contiguous tracts of land, aggregating about 40 acres in area. The mineral rights under these tracts had been severed from the surface and sold long prior to his death. One of these tracts he had bought from his brothers and sisters. During the progress of the present litigation it developed that three of the grantors in the deed to that tract were married women at the time they executed the deed, and as their husbands not only did not join in the deed, but also had never executed any deed to the property, the deed in question, so far as the interests of these three women were concerned, was void. These three interests amounted to one-third of the property.

After the death of her husband, Sallie Hurt sold and made a deed of her interest in the two contiguous tracts of land to the appellee, the Crawford Coal Corporation. At this time neither dower nor homestead had been allotted to her, and it is patent that no interest in

the land passed to the Crawford Coal Corporation under this deed. Burk v. Moore, 209 Ky. 24, 272 S. W. 38; Settle v. Simpson, 204 Ky. 470, 264 S. W. 1092. The parties, however, thought that by this deed Sallie Hurt had conveyed to the coal corporation a life estate in the surface of the two tracts mentioned. Just why the parties thought she had conveyed a life estate in the entire two tracts is not apparent to us. She could not convey a homestead right, even if that had been allotted to her (Settle v. Simpson, supra), and if dower had been allotted to her she could only have conveyed a life estate in one-third of the property.

But be that as it may, Sallie Hurt, who had in the meantime qualified as the statutory guardian of her infant daughter, at the instigation of the Crawford Coal Corporation brought a suit to sell the infant's interest in the property for the purpose of reinvestment. The appellee insists on this appeal that this suit was brought under section 491 of the Civil Code. A reading of the petition in that case, however, discloses that such was not the case. Section 491 of the Civil Code provides for a suit by the owner of a particular estate against the owner of the remainder or reversion. Sallie Hurt, who, as guardian for her infant daughter, was the plaintiff in that litigation, did not purport to bring the suit as the owner of a particular estate. Indeed, she averred in the petition that she had conveyed whatever interest she had in the property to the Crawford Coal Corporation. The latter was not a party to the suit. By no stretch of the imagination could the petition be averred to be a suit under section 491 of the Code. It plainly was a suit under subsection 5 of section 489. The case is very similar to that of Marsee v. Richmond, 195 Ky. 84, 241 S. W. 331, where we held the suit to be under subsection 5 of section 489 of the Code, and not under section 491. This suit of Sallie Hurt as guardian proceeded to a judgment ordering a sale of the property, but the bond required by section 493 of the Code was not executed until after the judgment had been entered, the sale had, and the sale confirmed. It is plain under the authorities that such sale was void. Marsee v. Richmond, supra. The Crawford Coal Corporation, appellee herein, became the purchaser at this sale and paid, as the evidence indisputably establishes, the sum of $1,600 for the infant's interest in the property. This money, subject to the court costs,

and a small sum used by the guardian for the purpose of perfecting the infant's title in the property, was turned over to the guardian and by her invested in other real estate, title to which she took to herself for life, with remainder to her infant daughter. Just why she did this we are puzzled to understand, because the sale price of the property sold under the judgment in the Sallie Hurt suit represented only the infant's interest in the property, and no part of it belonged to Sallie Hurt.

After the appellee became the purchaser of the property it entered upon the same and made a great many improvements by way of miners' houses, tramroads, and otherwise. Its proof establishes that these improvements cost in the neighborhood of $25,000, but the proof is silent as to what extent these improvements enhanced the vendible value of the property. In 1925 Sallie Hurt resigned as guardian of her infant daughter, and the appellant E. C. Duff was substituted in her place. He thereupon brought this suit against the Crawford Coal Corporation to have the judgment and sale to it in the Sallie Hurt suit declared void. The Coal Corporation defended on the theory that the sale was not void, but, if mistaken in this, that it was entitled to a lien on the property for whatever enhancement in value the property had sustained by reason of the improvements which it had put upon the property. Later by an amended answer it claimed to be the owner of a third of the property in one of the tracts by virtue of its purchase of such interest from the three married women whose husbands had failed to join in the deed to Wm. N. Hurt, as hereinbefore mentioned. On final hearing the court dismissed the appellant's petition, and he has appealed. As we have seen, the judgment and sale of the infant's interest in the property in question was void on account of the failure to execute the bond as required by section 493 of the Code, and this will necessitate a reversal of the judgment. However, the appellee is entitled to a lien on the property for whatever enhancement in value it has sustained by reason of the improvements which the appellee has placed upon the property. In Leonard v. Williams, 220 Ky. 413, 295 S. W. 408 we said:

"The principle of law has often been written and long adhered to by this court that a life tenant or a purchaser from a life tenant cannot assert a lien on the land against the remaindermen for his

improvements, although made under the false as-
sumption that he was the owner of the perfect title.
See Henry, etc., v. Brown, 99 Ky. 13, 34 S. W. 710,
17 Ky. Law Rep. 1329; Robsion v. Gray, 97 S. W.
347, 29 Ky. Law Rep. 1296; Wilson v. Hamilton, 140
Ky. 327, 131 S. W. 32; Larmon v. Larmon, 173 Ky.
477, 191 S W. 110; Scott v. Scott, 183 Ky. 604, 210
S. W. 175; Ratterman v. Apperson, 141 Ky. 821, 133
S. W. 1005; and numerous other opinions referred
to therein. All of those opinions, however, were
written in cases where the litigant, seeking to assert
a lien for improvements, had placed them upon the
land while holding it under evidence of title which
merely created a life estate in him or by purchase
and conveyance from one who had merely a life
estate to convey.

"The rule is equally well established and as uni-
formly adhered to that a bona fide purchaser of land,
who, while in its possession, places lasting and valu-
able improvements on it under the good-faith belief
that he owns its perfect title, may, as against the
true owner, have a lien on it, not for their costs, but
to the extent that they have enhanced its vendible
value, not to exceed their cost. Combs, Guardian, v.
Deaton, 199 Ky. 477, 251 S. W. 638; Forst v. Davis,
101 Ky. 343, 41 S. W. 27, 19 Ky Law Rep. 558; Loeb
v. Conley, 160 Ky. 91, 169 S. W. 575, Ann. Cas. 1916B,
49; Jackson v. Claypool, 179 Ky. 662, 201 S. W. 2;
Bragg v. McCoy, 188 Ky. 762, 224 S. W. 200;
Hawkins v. Brown, 80 Ky. 186; Weber v. Lightfoot,
152 Ky. 83, 153 S. W. 24. Numerous other opinions
and authorities may be found referred to in the
opinions mentioned.

"These two principles and the opinions sup-
porting them are not in conflict, but are in harmony;
neither is the former in the nature of an exception
to the latter. The principle and the opinions declar-
ing it relied upon by appellee were written in cases
where the one seeking to assert a lien took and held
merely a life estate in the land under the instrument
granting him his title, or obtained such title as he
had from one who owned and held merely a life
estate. In those cases there was no ground upon
which the holder of the life estate could base a good-
faith belief that he owned the perfect title."

In Combs, Guardian, v. Deaton, 199 Ky. 477, 251 S. W. 638, we also said:

> "All the cases and text-writers indorse the rule as stated, but there is a divergency among them as to what constitutes a bona fide or good-faith purchaser, some of them holding that constructive notice of a defect in the title will be sufficient to destroy the right to the lien, while others hold that actual notice of such defects is necessary for that purpose. The Forst case, supra, is one from this court subscribing to the latter view; and in the Loeb case it is said: 'If, however, the improvements are not made by a person while acting in good-faith belief that he is the owner of the land, or if they are made with actual notice of an adverse superior claim, . . . . the person making the improvements will not be entitled to compensation.' It will thus be seen that the court was therein of the opinion that a lien would exist unless the purchaser had actual notice of the defect in the title."

Se, also Fox v. Faulkner 222 Ky. 584, 1 S. W. (2d.) 1079.

While it is true that the defect in the appellee's title was one that could have been determined from an inspection of the record in the suit brought by Sallie Hurt, yet the evidence shows that aside from this constructive notice, the appellee bought at the sale in the utmost good faith. There is no evidence to show that the appellee ever had actual knowledge of the defect caused by the failure to execute the bond in question. This defect could have been discovered only by a skillful lawyer, and under the Leonard case, supra, which, under circumstances very similar to the present one, held that such constructive notice was not sufficient to turn the appellee from a bona fide purchaser into one with notice, we hold that the appellee was a bona fide purchaser and as such entitled to the lien claimed. However, we are unable in the present state of the record to say to what extent the vendible value of the property has been enhanced by the improvements in question. As we read the record it appears that these improvements have all been put upon about 5 acres of the property. The appellee owns a third of one of these tracts, and if these improvements are on that tract and the property can be

divided without materially impairing its value or the value of the interests of the joint owners, such tract should so be partitioned as to set off to the appellee that part on which its improvements are located if such part represents the interest of the appellee. But, if this cannot to be done, then the parties will be permitted to take proof to determine to what extent the vendible value of the property has been enhanced by reason of the improvements in question, and the appellee will be given a lien on the property for such enhancement. The appellee has made no claim in this action to any of the property in which the proceeds of the sale of the property here in dispute were reinvested, and so we do not express an opinion as to the right of the appellee to trace the proceeds it paid into court into this property so bought. The judgment of the lower court is therefore reversed, with instructions to hold the sale under the Sallie Hurt suit void, and for further proceedings consistent with this opinion.