CASE 4—PETITION ORDINARY TRANSFERRED TO EQUITY—
MARCH 5.

## Henry, &c.; v. Brown, &c.

APPEAL FROM LARUE CIRCUIT COURT.

1. IMPROVEMENTS BY LIFE-TENANT.—A life-tenant can not lay out money in building on the land and charge it on the estate in remainder, or make it a personal charge against the remaindermen. Nor does it seem to make any difference that he made the improvements upon the false assumption that he had absolute title to the property.

J. P. HOBSON FOR APPELLANTS.

1. A life-tenant who improves the property, knowing he has only a life estate therein, takes the risks; but where the life-tenant acted under a mistake as to his title, and on the advice of counsel, the rule should be different.
2. The rule is well settled in this State that a *bona fide* occupant of land, who improves it believing it to be his own, shall be compensated for the enhancement in value of the land by his expenditures. (Barlow v. Bell, 1 A. K. Mar., 246; Bell v. Barnett, 2 J. J. M., 520; Taylor v. Whiting, 9 Dana, 401; Barton v. Little, 9 Bush, 312.)
3. If a man, supposing he has an absolute title to an estate, should build upon the land with the knowledge of the real owner who should stand by and suffer the erections to proceed, without giv-

ing any notice of his own claim, he should not be permitted to avail himself of such improvements, without paying full compensation therefor. (Story's Equity, secs. 388 and 1237.)

GORE & FRIEND ON SAME SIDE.

No brief in the record.

D. H. SMITH FOR APPELLEES.

1. The tenant for life has no claim for any improvements which he may have made upon the premises. He is bound to keep the premises in repair, but is under no legal obligation to undertake any improvements, and if he does so, it is a voluntary act of his own, which gives rise to no claim against the reversion for payment of his share of the expenses. (Tiedeman on Real Property, secs. 68 and 400; Wood's Mayne on Damages, p. 556; Sedgwick & Wait, pp. 479 and 481.)
2. A life-tenant can not lay out money in building on the land, and charge it on the estate in remainder or make it a personal charge, on the remainderman; and the fact that the tenant may have supposed that he had the absolute title to the property, does not prevent the application of this rule. (Johnson v. Stewart, 8 Ky. Law Rep., 857; 80 Ky., 432; 12 Ky. Law Rep., 551; 13 Ky. Law Rep., 65-6; Caldwell v. Jacob, 16 Ky. Law Rep., 22; Church v. Fithian, 16 Ky. Law Rep., 581.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Mary M. Henry died in 1879 intestate leaving her husband. Thos. Henry and Mary T. Henry, their only child, who, however, died in 1880, being then less than two years old. Thos. Henry having again married, died in 1893, leaving Abie, his widow, and three children by her, Luther, Amelia and Stella Henry.

Appellees, Lidia E. Brown and others, mother, brothers and sisters of Mary M. Henry, brought this action, after the death of Thos. Henry, against Abie Henry, his widow, and three children mentioned, to recover a tract of land containing about seventy-two acres, of which said Mary M. Henry died owner.

The right of appellees to recover the land does not seem to be contested, but appellants complain of so much of the judgment as dismiss their counterclaim for value of improvements put on the land by Thos. Henry while he occupied and used it as tenant by curtesy.

It has been often and distinctly held by this court that a tenant for life can not lay out money in building on the land and charge it on the estate in remainder or make it a personal charge against the remaindermen.   Nor does it seem to make any difference that he made the improvements upon the false assumption that he had absolute title to the property.   (See Johnson, &c., v. Stewart, 8 Ky. Law Rep., 857, and other cases there cited; also Nineteenth and I. S. Pres. Church v. Fithian, 16 Ky. Law Rep., 591.)

The circumstances of this case do not make it a proper exception to that general rule, but rather serve to illustrate the wisdom of it.   The improvements are, in character and value, not suited or in proper proportion to the condition and intrinsic value of the land, but payment for them would require a sale of the whole unless the owners, some of whom are married women and others infants, should raise the money for that purpose from other sources.

The ground upon which the appellants base their claim is that Thos. Henry, the life tenant, in good faith believed, and made the improvement in the belief, he was absolute owner of the land.

The court can not give credit to such alleged belief unless there appears to have been a reasonable ground for it. In this case there was no foundation whatever for that belief because the statute provides plainly that, if an infant dies without issue, having title to real estate, derived by gift, devise or descent from one of his parents, the whole

shall descend to that parent and his or her kindred, and no attorney would, if consulted, have advised him that he had any other than estate for life in the land.

Judgment affirmed.