## Gray's Admx. v. McConnell, Gray, et al.

(Decided September 28, 1911.)

Appeal from Jefferson Circuit Court, (Chancery Branch, Second Division.)

1.  Dower by Implication.—Where a testatrix devises her property to her son for life and directs the trustee upon his death to pay to her son's wife (naming her) if she be living the sum of $25.00 per month, during her life or widowhood, and further directs the trustee upon certain conditions and limitations to convey the whole of the property with the exception of that set apart to his widow, to her son's children, the provision made for the benefit of her son's widow, excludes the idea that the testatrix in-

tended that the widow should be entitled to dower in the estate devised.

2.  Improvements—Apportionment.—Permanent improvements made by the life tenant out of his income cannot be charged to the corpus of the estate, and apportioned between the life tenant, who is of age, and the infant remaindermen.

3.  Wills—Defeasible Fee—Inheritance, When Defeated.—Testatrix devised her property to a trustee, she directed the income to be paid to her son during his life for the support of himself and family. Upon his death she directed the trustee to pay $25.00 per month to her son's wife (naming her) if she was then living, so long as she lived, or remained her son's widow. The provision for the benefit of her son's children is as follws: "And on the arrival at the age of 21 years of the youngest of his lawful children, the said trustee is to convey the whole of said property, except that set apart to the widow of my son, (naming him) to the said children, equally, and if any of said children should die leaving lawful issue, then said issue to take the part that would have come to the parent, and if my son, Horace Gray, should die having no lawful issue at the time of his death, then the trustee shall convey said property to my son, W. B. Gray, &c. "Held, that Horace Gray's children took a vested estate subject to be defeated by their death during the lifetime of their father, the life tenant, and that the interests of three of his children who died before he did, were not susceptible of inheritance by him. That being true, his widow was not entitled to dower in such interests.

J. T. A. BAKER for appellant.

W. PRATT DALE, O'NEAL & O'NEAL for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Myrah Gray died in March, 1879, a resident of the City of Louisville. She left a last will and testament which was duly probated in the Jefferson County Court. April 7th, 1879. Those portions of her will which are material to this controversy, are as follows:

"Item 3. The property above mentioned is to be held on trust by the said Joshua F. Speed upon the following conditions:

"1st. He is to rent said property and collect the rents, and after paying the taxes (both State and city) repairs and insurance and a reasonable compensation to himself for the management of said estate, he is to pay the balance over to my son, Horace M. Gray, monthly,

for the support of himself and family, taking his receipt therefor, which receipt, when taken for money paid to the said Horace on the above conditions shall be a full acquittance for all money so paid by him.

"2nd. The object of the clause is to pay to my son Horace the net income, monthly, of all the above property for the support of himself and family, and on the death of my said son Horace M. Gray I direct the said trustee to pay to his wife Mary Gray, if she be living the sum of twenty-five dollars per month during her life, or as long as she remains the widow of my son Horace M. Gray, and on the arrival at the age of twenty-one years of the youngest of his lawful children the said trustee is to convey the whole of said property, except that set apart to the widow of my son Horace M. Gray to the said children, equally, and if any of said children should die leaving lawful issue then said issue to take the share that would have come to their parent, and if my said son Horace M. Gray should die leaving no lawful issue living at the time of his death, then the said trustee shall convey said property to my son, W. B. Gray, and my daughters, Sarah Heinsoha and Myrah Bondurant, equally, and if either of them be dead, then their lawful children shall take the share their parent would have taken."

Joshua F. Speed declined to accept the trust, E. T. Halsey was thereupon appointed, and qualified. Subsequently he resigned, and the Fidelity Trust and Safety Vault Company was appointed and qualified as trustee. Mary Gray, wife of Horace M. Gray mentioned in the will, died. Thereafter Horace M. Gray intermarried with Rebecca A. Gray. Horace M. Gray had six children, three of whom died during the life of their father. Horace M. Gray died May 4th, 1910. The trust property now consists of a lot in the southeast corner of Fifth and Market streets in Louisville, and another lot on the east side of Fifth street in Louisville, and a tract of land containing about six and one-half acres situated in Pewee Valley, Oldham county, Kentucky. Two of Horace M. Gray's children conveyed their undivided interest in the trust estate to one T. H. Whayne, who, together with the third child, Catherine Elizabeth Smith, is a party to this suit.

Rebecca A. Gray, widow of Horace M. Gray, brought this action for the purpose of having the trustee settle

its accounts, and in addition thereto is claiming (1) that she is entitled to dower by implication in the entire property; (2) that as administratrix of her deceased husband she is entitled to a lien on the trust property for certain improvements which were made by the trustee during her husband's life-time and paid out of rents collected from the property, and (3) that the children who died prior to the death of their father, Horace M. Gray, had vested remainders in the property which were inherited by their father, and that she is entitled to dower in their interest. To all of her claims, except that for a settlement of the accounts of the trustee, the chancellor sustained a demurrer. Plaintiff's petition except to the extent mentioned was dismissed, and she appeals.

1. In support of her position that she is entitled to dower in the entire estate, we are cited to the cases of Jacob v. Jacob, 4 Bush, 110, and Johnson v. Jacob, 11 Bush, 646. In those cases the will of John I. Jacob was before us for construction. The devise of the remainder after the death of his son, the life tenant, was in the following language: "In the same manner as it would pass by the law of descent if the same were to descend from him." The court held that it was necessary to read into the will the statute on Descent and Distribution, and that by making no specific devise of the estate in remainder, it was undoubtedly the testator's intention that the surviving widow of his son should be entitled to dower in the same manner as if the estate had been distributed under the statute on Descent and Distribution. Thus it will be seen that the conclusion there reached was based entirely upon the peculiar language employed by the testator. In the case before us no such language is used. On the contrary, there is a devise to Horace M. Gray's wife, Mary Gray, if she be living, of twenty-five dollars per month during her life or as long as she remains the widow of Horace M. Gray. The language in the subsequent part of the clause, "except that set apart to the widow of my son Horace M. Gray," does not refer to any dower interest that may be set apart under and by virtue of the statute, but refers to that part of the estate set apart to Horace M. Gray's widow, Mary Gray, to-wit: the sum of twenty-five dollars per month as long as she lived or remained the widow of Horace M. Gray. While it is true that the will directs

the income from the estate to be paid to Horace M. Gray for the support of himself and family, and the wife is one of the family, yet that provision was egective only during the life-time of Horace M. Gray. Upon his death a new provision was made. Mary Gray was to be provided for by the payment of twenty-five dollars per month, while Horace M. Gray's children were to receive the rest of the property. This method of disposing of the property excludes the idea that the testator intended that Horace M. Gray's widow should be entitled to dower in the entire property.

2. It appears from the petition that the house on the southeast corner of Fifth and Market streets was condemned as unsafe and dangerous by the municipal authorities of the City of Louisville, and that the premises were improved by disposing of a certain portion of the trust property and by applying to the same purpose a certain portion of the rents and profits from the estate. This method of improving the property was authorized by the chancery court. There is also a claim for certain permanent improvements of the land made on other parts of the trust property. Appellant contends that, as the improvements were permanent and served to enhance the remainder interest, the value of the improvements should be apportioned by the chancellor between the life tenant and remaindermen. In some jurisdictions this may be done, but that rule has never been adopted in this State. Here the rule is that the life tenant can not charge the corpus of the estate with improvements, nor is he entitled to compensation for enhancement of the property by reason of such improvements. As is said in the case of Frederick v. Frederick, 31 Ky. L. R. 583: "It is a sound rule of public policy which denies the life tenant the power to charge the estate for his improvements, although they may enhance the value of the property." To the same effect of Henry v. Brown, 99 Ky., 13, Wilson v. Hamilton, 140 Ky., 327. An exception to this rule is where the life tenant is an infant and the income from the property is invested by order of court in permanent improvements. Being an infant and having no control over the matter, it is held that the value of the improvements may be apportioned between the life tenant and remaindermen. Caldwell, &c. v. Jacob, 10 Ky. Law Rep. 24.

3. Lastly, it is insisted that Horace M. Gray's chil-

dren took a vested remainder in the trust property, and that the interest of those who died was inherited by their father, and that appellant is entitled to dower in those interests. It will be observed. however, that the will pro · vides that the trustee should convey the whole of the property, except that set apart to the widow of Horace M. Gray, to Horace M. Gray's children, equally: but, if any of said children should die leaving lawful issue said issue should take the part that would have gone to their parents, and if Horace M. Gray should die leaving no lawful issue living at the time of his death, then the trustee should convey said property to certain other parties mentioned in the will. While it is true, then, that under the will in question, Horace M. Gray's children took a vested remainder, yet that remainder was subject to be defeated by their death during the life-time of the life tenant, Horace M. Gray. This is the construction adopted by this court in the case of wills employing similar language. Mercantile Bank v. Ballard, 83 Ky., 481.; Schneider v. Holzhauer, 134 Ky. 33; Dohn's Ex'or v. Dohn, 110 Ky. 884. Having died before the death of their father, and their estate having been thus defeated so that the father could not inherit the interest of his deceased children, appellant, therefore, as the widow of the father, is not entitled to dower therein.

Judgment affirmed.