## Stovall v. Mayhew.

(Decided January 12, 1917.)

### Appeal from Allen Circuit Court.

Life Estates—Improvements—Remainderman.—A life tenant cannot improve the land and make it a charge on the estate in remainder, or a personal charge against the remainderman himself, and the mere fact that the life tenant may have supposed that he had the absolute title to the property does not prevent the application of the rule.

N. F. HARPER, GILLIAM & GILLIAM and F. R. GOAD for appellant.

OLIVER & DIXON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On July 20th, 1891, L. S. Clark and wife conveyed a tract of land in Allen county to Malvinia P. Stovall for life, with remainder to her infant son, Grover C. Stovall. Subsequently the land was sold in an action brought by L. S. Clark, plaintiff v. Mallie Stovall, defendant, and the title conveyed by the commissioner to the purchaser subsequently passed to Charlie Mayhew. Malvinia P. Stovall died in the year 1912. Shortly thereafter Grover C. Stovall, who was an infant when the commissioner's deed was executed, brought suit against Charles Mayhew to recover the land. Mayhew filed an answer and counter-claim, denying plaintiff's title and pleading title in himself, and asked that his title be quieted. Judgment was rendered, dismissing Stovall's petition and quieting the title of Mayhew. On appeal the judgment was reversed on the ground that the infant remainderman, who was not a party to the suit of L. S. Clark, plaintiff v. Mallie Stovall, defendant, was not divested of title by that proceeding, and that upon his mother's death he was entitled to recover the property, and the cause remanded with directions to enter judgment in favor of the infant. On the return of the case judgment was entered in favor of the infant, as directed by the mandate.

Thereafter, Mayhew brought this suit against Grover C. Stovall, the plaintiff in the former action, to recover the value of the improvements placed on the

land by Mayhew and predecessors in title and for the enforcement of his alleged lien on the land therefor. Stovall interposed a plea of *res judicata,* based on the judgment rendered in the suit which he brought against Mayhew to recover the land. He also pleaded a counter- claim for rents accruing since Mayhew had been in the possession of the land and alleged to amount to the sum of $600.00. On final hearing the chancellor rendered judgment in favor of Mayhew for the sum of $250.00 and awarded him a lien on the land. Stovall appeals.

In view of the conclusion of the court, we deem it unnecessary to determine whether the claim for improve- ments is one which should have been presented in the suit brought by Stovall against Mayhew to recover the land, and is, therefore, concluded by the judgment ren- dered in that action. The only title which the pur- chaser acquired under the deed made by the commis- sioner in the suit of L. S. Clark, plaintiff v. Mallie Stovall, defendant, was that owned by Mallie Stovall, who had a mere life estate in the land. Therefore, Mayhew, who subsequently acquired the title of the purchaser, was himself a mere life tenant. It is the settled rule in this state that a life tenant cannot im- prove the land and make it a charge on the estate in re- mainder, or a personal charge against the remainder- man himself, and the mere fact that the life tenant may have supposed that he had the absolute title to the property does not prevent the application of the rule. Johnson v. Stewart, 8 R. 857; Nineteenth and Jefferson Street Presbyterian Church v. Fithian, 29 S. W. 143. It follows that a contrary ruling by the chancellor is erroneous.

Judgment reversed and cause remanded for pro- ceedings consistent with this opinion.