## Adkins et al. v. Hackworth et al.

June 23, 1939.

J. Brack Howard, Judge.

Walter R. Prater for appellants.

A. T. Patrick for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming in part and reversing in part on appeal and affirming on cross-appeal.

Gracie Adkins and J. R. Adkins, her husband, instituted this action in equity against Amanda Crace, Mose Tackett, George Spradlin, W. J. Spradlin, Bird Poe and a number of other defendants, alleging in substance that Gracie Adkins was the daughter of Albert Pace and Ellen Pace; that on January 28, 1899, John C. Bailey and wife, James P. Honacher and wife, and Jack T. Bailey and wife, executed and delivered to her father and mother a deed conveying to them jointly an

undivided three-sevenths in fee in two tracts of land in Magoffin county which were fully described in the petition; that Ellen Pace died intestate in April, 1899, survived by her husband, Albert Pace, and appellant, Gracie Adkins, as her only heir at law; that upon the death of Ellen Pace, Gracie Adkins became owner by inheritance of an undivided one-half of three-sevenths interest in the property described in the petition subject to the life estate of Albert Pace; that Albert Pace died on April 10, 1923, thus terminating his life estate in the land and vesting in Gracie Adkins absolute title in fee to the interest in the land owned by her mother, Ellen Pace, at the time of her death; that after the death of Ellen Pace, Albert Pace conveyed his undivided interest in the land including his life estate in the interest of his deceased wife, Ellen Pace, to D. B. Salyer and the latter acquired the remaining four-sevenths undivided interest in the land and thereafter transferred and conveyed all of same in different portions to the defendants who claim to be the owner of all thereof.

She prayed that she be adjudged the owner in fee of an undivided three-sevenths in all the land described in the petition; that defendants be required to set up whatever claims they might have thereto, etc.

By separate answer as amended and by joint answers the designated defendants and others who were made parties defendant as vendees from the designated defendants traversed the allegations of the petition and alleged in substance that D. B. Salyer owned lands other than those described in the petition which were covered by deeds to defendants and some of them alleged that after buying the respective tracts they made improvements such as erecting of houses, barns, etc., at a cost set out in their pleadings which had enhanced the vendible value of their tracts to the extent of the cost of such improvements and that they made these improvements in good faith believing that they were the owners of all the land covered by their deeds. They also entered pleas of adverse possession and limitations against plaintiff. By amended petition plaintiff asked that she be adjudged rentals for the land which defendants had withheld from her in sums set forth in her petition. The affirmative allegations of all pleadings were traversed. On final hearing it was adjudged that Gracie Adkins was the owner of three thirty-seconds of the tracts claimed and occupied by Amanda Crace, Mose

Tackett, George Spradlin, W. J. Spradlin and Bird Poe which tracts were described in the judgment and that the respective defendants owned the remainder of such tracts; that Gracie Adkins recover of the respective defendants sums set forth in the judgment as rentals; that the tracts described in the judgment be divided according to the interest adjudged therein reserving to the defendants the improvements thereon; that a commissioner be appointed to go upon the land and lay off and allot to plaintiff her proportionate part as adjudged to her; that the action be abated as to Logan Marshall, who died after filing his answer and the action not having been revived against his representatives; that the action be dismissed as to Sherman Stanley on his intervening petition and be dismissed as to Anthony Hackworth, James Adams, Guy Marshall, Oliver Patrick, and O. S. Hopkins and dismissed as to the Elkhorn Coal Corporation, the action against it having been settled by agreement. Plaintiffs are appealing and appellees' motion for cross-appeal has been sustained and the cross-appeal granted.

As grounds for reversal it is first argued that the chancellor erred in adjudging that the lands can be divided without materially impairing their value. Appellees, other than the Elkhorn Coal Corporation, in their pleadings alleged that their respective tracts could not be divided without materially impairing their value and all the evidence on that question is to the same effect. The evidence as to acreage and the character and nature of the various tracts also clearly indicates that none of them can be divided without materially impairing their value. It is therefore apparent that the court erred in the particular indicated.

It is next argued that appellees held the land in controversy for Gracie Adkins as remainderman and were not entitled to the value of the improvements placed upon the land during the life tenancy and that she was entitled to an interest in the real estate in its improved condition and therefore the court erred in adjudging the value of the improvements were to be disregarded and excluded in fixing the value of her interest in the land. The case of Henry v. Brown, 99 Ky. 13, 34 S. W. 710, 17 Ky. Law Rep. 1329, lays down the general rule that "a tenant for life cannot lay out money in building on the land and charge it on the estate in remainder or

make it a personal charge against the remaindermen. Nor does it seem to make any difference that he made the improvements upon the false assumption that he had absolute title to the property." That and other cases indicate that permanent improvements made without the consent of the owner cannot be removed or compensated for except under extraordinary circumstances. See Wade v. Keown, 78 S. W. 900, 25 Ky. Law Rep. 1787; Bennett Jellico Coal Co. v. East Jellico Coal Co., 152 Ky. 838, 154 S. W. 922, as to the rule laid down in Henry v. Brown, supra, and to the same effect see Stovall v. Mayhew, 173 Ky. 212, 190 S. W. 675; Bigstaff's Trustee v. Bigstaff, 165 Ky. 251, 176 S. W. 1003; Larmon v. Larmon, 173 Ky. 477, 191 S. W. 110. However, there are cases holding that where a life tenant in good faith and believing that he is the owner makes permanent improvements that enhance the value of land, he is entitled to be compensated to the extent of the enhanced vendible value of the land. The evidence for appellees is to the effect that they acted in good faith and believed that they owned their respective tracts but their evidence in this particular amounts to little more than a conclusion. An examination of the records would have revealed that Gracie Adkins owned an interest in the land. Some of the improvements claimed consisted of fruit trees planted and other items for which appellees would in no event be entitled to recover. In the doubtful and confused state of the evidence with respect to rentals, it is our conclusion that there should have been no recovery on either of these items; that one about balances or sets off the other and equity would be done in allowing appellees nothing for improvements and in allowing appellant no recovery for rental.

While all of the defendants have been made parties appellee, counsel for appellant does not specifically attack that part of the judgment dismissing the action as to some of the appellees as above set out. Appellant, Gracie Adkins, was suing for her interest in what is known as the Peggy Bailey land, 3 of the surviving heirs of Peggy Bailey having conveyed their interest therein to her father and mother. Two or more witnesses testified that Peggy Bailey was survived by eight heirs and there is no evidence to the contrary; therefore, it is obvious that the deed from John C. Bailey and others conveyed to the father and mother of Gracie

Adkins an undivided three-eighths interest in the Peggy Bailey land.

It is contended by counsel for appellees that a survey and plat found in the record and made by R. C. Thompson, surveyor appointed by the court to survey and plat the land, covers the Peggy Bailey land and includes the tracts owned by the various appellees; that appellant and appellees claim under a common source and title and that neither party can question any link in the chain of title against their adversary. But it was alleged by appellees, and apparently there is proof tending to sustain their contention, that D. B. Sayler owned land other than the Peggy Bailey tract and such other lands were included in the deeds to some of the appellees as immediate or remote grantees of D. B. Sayler. Counsel for neither side have complied with rule 5 of the Court of Appeals by referring to the pages or record for pleadings or evidence to sustain their contentions. While the evidence is somewhat confusing apparently there is evidence including deeds filed as exhibits indicating that the boundary covered by the plat filed in evidence contained land other than the Peggy Bailey tract and it cannot be said from the record that the chancellor erred in determining the particular tracts in which appellant Gracie Adkins owned or did not own an interest. We are at a loss, however, to understand the basis for the chancellor's finding that Gracie Adkins owned an undivided one-fourth of three-eighths, or three thirty-seconds, instead of one-half of three-eighths. The error, if any, in that particular is not specifically called in question, but brief for appellant makes a general reference to the contention that Gracie Adkins owned one-half of the interest in the lands conveyed to her parents by the Bailey heirs. Apparently that part of the judgment was a clerical error, and if so, should be corrected on a return of the case.

To sustain their cross-appeal appellees are relying on evidence as to the inaccuracy of the survey made by R. C. Thompson and on their plea of adverse possession, limitation, and laches on the part of appellant. What we have already said concerning the chancellor's finding as to what tracts in controversy are included within the boundary of the Peggy Bailey tract disposes of that question.

In May v. Chesapeake & O. R. Co., 184 Ky. 493,

212 S. W. 131, it was held in effect that the vendee of a life tenant takes only a life estate notwithstanding the deed of the life tenant purports to convey fee simple title; that the holding of such grantee cannot be adverse to the remainderman during the continuance of the life estate even though he enter under a general warranty deed; that the possession of the life tenant is the possession of the remainderman; that a tenant in possession who acquired the interest of a joint tenant cannot set the statute of limitations running so as to bar the remainderman until the termination of the life estate no matter how long. See also Penn v. Rhoades, 124 Ky. 798, 100 S. W. 288; Superior Oil Corporation v. Alcorn, 242 Ky. 814, 47 S. W. (2d) 973; Ratterman v. Apperson's Adm'r, 141 Ky. 821, 133 S. W. 1005. The record also discloses that during a portion if not all of the time in which it is claimed limitation was running appellant Gracie Adkins was under the disability of infancy or coverture or infancy and coverture combined, but the record is not clear as to whether she married before attaining her majority. To be available, laches must be such as work injury or loss on the party asserting it. It is claimed by appellees that appellant stood by and saw them make improvements on their land without asserting her claim, but apparently all of these improvements were put on the land when Gracie Adkins was under disability and all of them were made before her right of action accrued.

Wherefore, the judgment is affirmed in part and reversed in part on appeal and is affirmed on cross-appeal with directions to enter judgment in conformity with this opinion.