**Linda Lou WALTERS, Appellant,**

v.

**Dan Houghton WALTERS and Danna Sue Walters, Appellees.**

No. 88–SC–331–DG.

Supreme Court of Kentucky.

Nov. 9, 1989.

Rehearing Denied Feb. 8, 1990.

Bruce A. Levy, Charles E. Lowe, Sr., Pikeville, for appellant.

Paul P. Burchett, Clifford B. Latta, Latta & Brown, Prestonsburg, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed in part and reversed in part a final judgment which divided the parties' marital assets.

The issues are whether a judgment awarded to a corporation solely owned by one spouse who treated part of the award as income is marital property and whether the increase in value during the marriage of a life estate interest in real estate is marital property.

The parties were married in 1973 and divorced in 1982 in a decree which reserved the disposition of property. That decree was entered in August of 1986. The wife was 47 years of age at the time of the filing of the divorce and suffered from cancer; the husband was 61 years of age, a coal operator and sole stockholder in a corporation which he had owned before the marriage. Danna Sue Walters is the daughter of the husband by a previous marriage and the owner of a remainder interest in the property on which the husband and wife built a home.

During the marriage, the husband's corporation realized the proceeds of a $439,000 judgment on a cause of action for lease assignment royalties. The husband declared $129,298 of that judgment as income to himself, not all of which was received during the marriage, and the trial judge awarded one-third of that amount, $43,099, to the wife as marital property.

The coal business was the principal employment of the husband, and the income produced from the business is marital property and must be divided accordingly. The husband was a coal mine operator and during the marriage managed the business selling off portions as he deemed appropriate and gained substantial income from those actions. One item of proceeds of the business operation was the judgment in the

total net amount of $439,000 which was received during the marriage. The income from the judgment was received over a three-year period and the parties were married only during the first of those three years. The husband failed to show that the trial court was clearly ·erroneous in holding that the $129,298 paid to him as income by the corporation for his management responsibilities was marital property.

K.R.S. 403.190 provides in part that marital property shall be divided in just proportions considering the contribution of each spouse, including the contribution of a spouse as homemaker. One of the exceptions to this provision provides that the increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during the marriage is not to be considered marital property. *See* K.R.S. 403.190(2)(e). Here, there is evidence that the wife performed the duties of homemaker.

The fact that the value of the corporation decreased from $955,000 at the marriage to $568,000 at the time of the divorce is not controlling. The determining factor is that the husband managed the business in an entrepreneurial fashion and that the business was his principal means of income. On this issue, we reverse the decision of the Court of Appeals and reinstate the decision of the trial court.

The wife also argues that the trial court and the Court of Appeals committed reversible error in holding that the residence of the parties was not marital property subject to division.

In 1975, the parties built a dwelling on nonmarital property in which the husband owned a life estate and his daughter by a previous marriage, Danna Sue Walters, owned the remainder. The wife admits she has no interest in the real property but claims she should have been awarded one-half of the value of the home which is stipulated to be worth $165,000. The evidence indicates that during the marriage the parties bought a home which they later sold paying off the mortgage and constructing a residence which was the marital home at the time of the divorce. The improvements to the property during the marriage were made with the understanding that the daughter owned the remainder interest in the property. However, a life tenant who makes permanent improvements on real property may in some circumstances be compensated for the enhancement of value of the land not to exceed the value of the improvements. *See Adkins v. Hackworth*, 279 Ky. 352, 130 S.W.2d 774 (1939); K.R.S. 381.460. The real property here is unquestionably nonmarital, but the value of the life estate in the improvements is marital property as it resulted from the joint efforts of the parties. An appropriate division should be made by the circuit court. The value of the life estate should be computed on the husband's life expectancy at the time of the dissolution.

So much of the decision of the Court of Appeals which reverses the judgment of the circuit court concerning the award of one-third of the judgment is reversed. The matter of the proper division of the life estate of the husband in the improvements to the real property is remanded to the circuit court for a determination of the value of such interest as marital property.

STEPHENS, C.J., and GANT and LAMBERT, JJ., concur.

VANCE, J., concurs in result only.

LEIBSON, J., dissents by separate opinion.

COMBS, J., did not sit.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The Majority Opinion recites that "[d]uring the marriage, the corporation realized the proceeds of a $439,000 judgment on a cause of action for lease assignment royalties." The Majority Opinion fails to note that this payment must be classified as money owed to the corporation on a cause of action preexisting the marriage. The corporate assets of the husband's business before the marriage are nonmarital property. The fact that the husband caused the corporation to distribute a portion of that money ($129,298) to him as personal income does not change the character of the money

from a distribution of a corporate asset, reducing the value of his nonmarital corporate property *pro tanto,* to a salary or other income that could be appropriately treated as marital property.

The uncontradicted evidence was that the value of the corporation had decreased from $955,000 at the time of the marriage to $568,200 (including the amount of the judgment) at the time of the divorce. Further, as the Court of Appeals noted (and our Majority Opinion omits), "only $18,619.73" of what the husband "declared ... as income to himself" "was received during the marriage." The balance was received after the marriage was dissolved, and could not be considered income even if our Majority Opinion was otherwise sound.

Our Opinion in *Weakley v. Weakley,* Ky., 731 S.W.2d 243 (1987) is squarely in point. In *Weakley,* we considered two cases, each involving a cause of action for personal injuries that accrued before the marriage where recovery was made thereafter. We held "the recovery is a compensation for a loss which existed before the marriage, one in which a future spouse is not entitled to share." There is no demonstrable reason why this principle should not apply to the present case.

> The Court of Appeals' Opinion states: "We have reviewed the voluminous record in its entirety and cannot agree with the trial court that this is marital property. KRS 403.190(2)(e) excepts any 'increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during marriage.' This judgment was the recoupment of a loss that occurred prior to the marriage. As such, it was certainly not the result of any efforts, joint or otherwise, during the marriage."

The Majority has erroneously reversed the Court of Appeals on this matter.

Next, the Majority Opinion has erroneously reversed both the trial court and the Court of Appeals with regard to the dwelling built on the nonmarital property in which the husband owned a life estate and his daughter by a previous marriage, Danna Sue Walters, owned the remainder.

The Court of Appeals affirmed "the award of the house to Danna Sue Walters," and we should do likewise.

The trial court found that while the house was under construction, the stepdaughter informed Linda and Dan that she owned a remainder interest in the property upon which they were building. Linda cites no authority which provides for equitable reimbursement to one who knowingly builds on the property of another. The Court of Appeals also held that the record does not support Linda's contention that proceeds from the sale of the parties' former home was used to finance construction of the new home. Indeed, this was refuted by Linda's own testimony that the money received from the sale was merely sufficient to pay off the encumbrance upon that house. In my view we have simply engaged in some inappropriate fact-finding, substituting our view of the evidence for that of the trial court. Once again, I would affirm the decision of the Court of Appeals in this matter.