**Dinah Phillips McFARLAND, Appellant,**

v.

**Danny Joe McFARLAND; Arnold McFarland and Lydia J. McFarland, Appellees.**

No. 90–CA–187–S.

Court of Appeals of Kentucky.

March 1, 1991.

Michael S. Endicott, Ed Spencer's Law Office, Paintsville, for appellant.

Teddy L. Flynt, Salyersville, for appellee Danny Joe McFarland.

C. Graham Martin, Martin Law Offices, P.S.C., Salyersville, for appellees Arnold and Lydia McFarland.

Before HAYES, HOWERTON and WEST [1], JJ.

WEST, Judge.

This is an appeal from findings of fact and conclusions of law in a dissolution of marriage action. Appellant claims error in the court's award and division of marital property and in the award of custody of the parties' minor children.

Arnold and Lydia McFarland are the parents of the appellee, Danny McFarland. During the marriage of their son and the appellant, they made a gift of some unimproved land to the younger couple, while retaining a life estate interest in the property. Danny and Dinah constructed a small home on the property, then traded the land and the house for cash and some other property on which they constructed the marital residence. The "trade" was between Danny and Dinah and Danny's brother, Eddie McFarland. This other property was also deeded to them by Arnold and Lydia McFarland who retained another life estate.

The court below ordered the marital residence be sold and that the life estate interest be calculated according to the Inheritance Tax Table provided by the Kentucky Revenue Cabinet. The remainder was then to be divided equally between Dinah and Danny. Both parties claim they expended approximately $100,000.00 to construct the marital residence on the vacant lot. Appellant's expert valued the property at $156,-000.00, while appellees' expert valued it at $80,000.00. The appellees' expert appraised the land separately at $15,000.00. Application of the tax table to determine the parents' life estate interest resulted in their receiving approximately $58,000.00.

---

**1.** This opinion was prepared and concurrences received prior to the death of Judge West.

Accordingly, the appellant's first assignment of error is in regard to the court's method of determining the present value of the parents' life estate interest in the property.

■ The appellant contends that the valuation of the parents' life estate interest pursuant to the Inheritance Tax Table led to an inequitable division of the property. We see no abuse of discretion in the court's valuing the life estate interest using the Inheritance Tax Table. However, we do believe the court erroneously computed their interest.

■ One of the factors used in the formula for arriving at the present value of a life estate is the total value of the estate. In this case, the court found the total value of the estate to be the present value of the property with the major improvement of the house included. That is error. It is undisputed that Danny and Dinah spent $100,000.00 constructing the marital residence on the property in question *after* the parents had retained their life estate interest in the property. The proper present value of the estate for purposes of determining the parents' life estate interest in this case would be the present value of the property minus the improvements made by the parties. This is consistent with *Walters v. Walters*, Ky., 782 S.W.2d 607 (1989), wherein the Court ruled that a husband, who had a non-marital life estate interest in an unimproved piece of property on which the husband and wife had subsequently built a house, retained a life estate interest in only the land, and not the improvements, upon dissolution of the marriage. Thus,

we reverse and remand the instant case for a recalculation of the parents' life estate interest using the value of the land separately as the total value of the estate.

■ The next issue before us is whether the court erred in failing to make sufficient findings of fact regarding the custody of the parties' minor children. In its judgment awarding sole custody of the parties' children to appellee, the trial court simply stated, "That the Respondent is the fit and proper person to have custody of the three minor children." In child custody cases, the trial court must consider all relevant factors including those specifically enumerated in KRS 403.270(1) in determining the "best interests of the child." In so doing, it is mandatory under CR 52.01 that the facts be so found *specifically*. *Stafford v. Stafford*, Ky.App., 618 S.W.2d 578 (1981), *overruled* on other grounds by *Largent v. Largent*, Ky., 643 S.W.2d 261 (1982). Accordingly, since the court's findings with regard to custody in the instant case were less than adequate, we remand for more specific findings and for the taking of further proof, if necessary, on that issue.

Wherefore, the judgment is reversed and remanded for action consistent with the views expressed herein.

All concur.